### P. DEC BALL v. J. L. CARROLL ET AL.

Decided March 17, 1906.

**1.—Trespass to Try Title—Burden of Proof.**

Where the plaintiff in trespass to try title claims under a deed conveying a large tract, but expressly excepting from the conveyance such smaller tracts as may have been previously conveyed, the burden of proof is on such plaintiff to prove that the tract sued for is not one of nor included in any of the tracts previosuly conveyed and a failure to make such proof will defeat a recovery.

**2.—Same—Common Source.**

The plaintiff claimed under a deed from the heirs of Z. The defendants claimed under a judgment for delinquent taxes with foreclosure of tax lien against Z., and his unknown heirs, and the unknown owners of the land. Held, that the plaintiff and defendants did not necessarily claim under a common source.

**3.—Tax Suit—Proceeding in Rem.**

The proceeding in a tax suit is one *in rem.* All persons owning or claiming any interest in the property are required to be made parties to the suit and to be served with citation, and when this is done, a judgment establishing and foreclosing the State's lien upon the property is conclusive against all persons who are parties to the suit and have been served with citation whether they are named in the judgment or not.

Appeal from the District Court of Anderson County. Tried below before Hon. B. H. Gardner.

*P. N. Springer,* for appellant.—Where the heirs of their deceased parents conveyed by deed to plaintiff's vendor all of a grant of land, described by field notes, remaining at the death of one of their parents, unsold, uncompromised, not donated or lost in suit by either of such parents, and the evidence showed that one of them died in 1870, and the other in 1889; and the evidence further showed that the defendant claimed title to a certain 139 acres of land, embraced within such field notes, through a sheriff's deed executed under a judgment rendered against such deceased parents and their heirs jointly, in a tax suit instituted many years after the death of both of such parents, and defendant's deed, order of sale, and such judgment were read in evidence, and defendant testified in his own behalf to sustain such deed and sale, he was bound by the declaration in his own deed and chain of title, that said heirs and their deceased parents were the owners of the particular tract claimed by him at the time such judgment was rendered, and such evidence was prima facie sufficient to show that said 139-acre tract of land was not excepted from such conveyance by said heirs to plaintiff's vendor. Greenleaf on Evidence, vol. 1, secs. 23 and 24; Burk v. Turner, 79 Texas, 278; Wallace v. Pruitt, 1 Texas Civ. App., 231; Bartell v. Kelsey, 59 S. W. Rep., 633.

A judgment rendered upon a petition that named, in the alternative, one or the other of two sets of defendants, but not both, is void for uncertainty. Black on Judgments, vol. 1, sec. 241; Miller v. Peters, 25 Ohio St., 270; Kellar v. Stanley, 86 Ky., 240, or 5 S. W. Rep., 477; Dickenson v. Cowley, 15 Kan., 269.

A judgment rendered by default on a citation by publication against unknown heirs, as defendants in a suit by the State for taxes, where the statute under which the suit is instituted requires it to be brought against all persons owning, or having, or claiming any interest in the land, is void on its face. Sayles' Stats., art. 5232o; Babcock v. Wolffarth, 80 S. W. Rep., 642, or 10 Texas Ct. Rep., 164; Kenson v. Gage, 79 S. W. Rep., 605; Capten v. Compton, 5 Texas Civ. App., 413; Weideranders v. State, 64 Texas, 133.

*Thos. B. Greenwood,* for appellee.—The grantors in the deed, under

which appellant claims, having only undertaken to convey the part of a described tract of land, which remained after deducting portions previously disposed of by sale, compromise, donation, or judgment, appellant could not recover a specific part of the described tract, in the entire absence of evidence as to what portion had been disposed of, either by sale, compromise, donation or judgment. Waggoner v. Dodson, 73 S. W. Rep., 518; Maxwell Land Grant Co. v. Dawson, 151 U. S., 604, 605; 38 L. Ed., 284, 285; Corinne Co. v. Johnson, 156 U. S., 575, 39 L. Ed., 537; Parker v. Campbell, 65 S. W. Rep., 483; Blume v. Rice, 32 S. W. Rep., 1056, 1057.

The tax judgment, sale and deed, under which appellee Carroll deraigns title, having the legal effect to convey the interest of not only the named parties defendant in the tax suit, but of "every other person owning or having or claiming any interest in said land," can not be held to show a claim of title from the named parties alone, in order either to supply proof of the exceptions in the deed, under which appellant claims, or to make out a common source. Carlton v. Miller, 21 S. W. Rep., 697; Rippetoe v. Dwyer, 1 U. C., 506 to 508; Texarkana Clothing Co. v. Bisco, 40 S. W. Rep., 559, 560; Hendricks v. Stone, 78 Texas, 358.

There being no evidence that the 139 acres of land sued for is embraced within the specific 7,886 acres, which Jas. A. Stewart undertook to convey to appellant, no other judgment could have been properly rendered than that of the trial judge. Echols v. McKie, 60 Texas, 41; Blume v. Rice, 32 S. W. Rep., 1056.

The same presumptions obtain to support a decree foreclosing the State's lien for delinquent taxes, as in other cases wherein the District Court exercises its general jurisdiction. And, when the judgment, which is the final act of the court, as in this tax suit, recites due service of process, then it affirmatively appears that the jurisdiction has attached, and this recital, in every collateral proceeding, imports absolute verity. Kenson v. Gage, 79 S. W. Rep., 605, 606; Bean v. City of Brownwood, 43 S. W. Rep., 1041; Eels v. Blair, 60 S. W. Rep., 462; Simpson v. Huff, 74 S. W. Rep., 50; Treadway v. Eastburn, 57 Texas, 213; Williams v. Haynes, 77 Texas, 283; Galloway v. State Nat. Bank, 56 S. W. Rep., 236, 237; Davis v. Robinson, 70 Texas, 397; Gillon v. Wear, 28 S. W. Rep., 1015, 1016; Iams v. Root, 55 S. W. Rep., 411; Irwin v. Bexar Co., 63 S. W. Rep., 552.

The tax judgment is sustained, against collateral attack, by the conclusive presumption that the heirs of J. W. Zacharie and C. Zacharie were brought within the jurisdiction of the District Court, insofar as was necessary to enforce the tax lien, as against their title. This presumption will include the filing of an amended petition, substituting them as parties defendants for their deceased parents, and the issuance and service of citation, as required by law. Being a conclusive presumption, it could not be repelled by extrinsic proof. Galloway v. State Nat. Bank, 56 S. W. Rep., 237; Hardy v. Beaty, 84 Texas, 566, 569; Moore v. Perry, 35 S. W. Rep., 840; Reems v. Masterson, 80 Texas, 52, 53; Treadway v. Eastburn, 57 Texas, 209; Crawford v. McDonald, 88 Texas, 626; Mills v. Terry, 54 S. W. Rep., 780.

The tax judgment being void insofar as rendered against J. W.

Zacharie and C. Zacharie, that much of it was mere surplusage, but the fact that J. W. Zacharie and C. Zacharie were not bound does not prevent the operation of the decree of foreclosure upon the interests of their heirs, who are conclusively presumed, under the recitals of the judgment, to have been brought within the jurisdiction of the court. Taliaferro v. Butler, 77 Texas, 580-582; Crawford v. McDonald, 88 Texas, 626.

The petition and citation in this case, simply seeking a foreclosure of the tax lien, on the delinquent land, as against all persons having any interest therein, are in strict conformity to law, and it is wholly immaterial to any issue in this case as to whether the personal judgment by default was valid or invalid. Art. 5232o, Batts' Texas Civ. Stats.; Taliaferro v. Butler, 77 Texas, 580-583.

The delinquent tax act requires that proper parties defendant, who are known, whether by individual names or as heirs, be sued, in actions to enforce tax liens, and also authorizes the sueing or joining of all other persons, owning or having or claiming any interest in the land. If appellant's construction of the act be correct, a judgment foreclosing a tax lien, against a known defendant, on personal service, would be void, and, the very proceeding here attacked, being absolutely void as to the designated defendants as such, would still be valid as against "all persons owning or having or claiming any interest in the land" and hence would pass title to appellee Carroll. Arts. 5232g, 5232o, Batts' Civ. Stats.

As this court has heretofore held, the inclusion of the 1884 taxes, and of the excessive costs, in the tax judgment, did not render it subject to collateral attack. Cartmell v. Gammage, 64 S. W. Rep., 316.

The delay of the sheriff in executing a deed to appellee Carroll did not vitiate his title. All that was necessary to vest appellee Carroll with title was his bid compiled with, under the valid tax judgment, order of sale and sheriff's sale. All these essentials existing, it was the sheriff's legal duty to make the deed after the return day of the order of sale. And until the sheriff tendered the deed to the purchaser, the latter was under no obligation to pay his bid. Baker v. Clepper, 26 Texas, 635; Willis v. Smith, 66 Texas, 31, 43; Boggess v. Howard, 40 Texas, 159; Holmes v. Buckner, 67 Texas, 110, 111; Fleming v. Powell, 2 Texas, 230.

PLEASANTS, Associate Justice.—This is an action of trespass to try title to a tract of 139 acres of land in Anderson County brought by appellant against the appellees, J. L. Carroll and Alen Brown.

The petition, in addition to the usual allegations in trespass to try title, sets up title in plaintiff under the statute of limitations of ten years, and further alleges in substance that the defendants are asserting claim to and have entered into possession of the land by virtue of a void sheriff's sale and deed made under a void judgment for taxes, rendered by the District Court of Anderson County in a suit brought by the State of Texas against J. W. Zacharie, et al. The grounds upon which said judgment and sale are attacked are thus summarized in appellant's brief:

"(1) Because said sale was based upon a suit and judgment against *unknown heirs,* which was not authorized by law.

"(2) Because said sale was based upon a judgment rendered in a suit against J. W. Zacharie and C. E. Zacharie, and they were both dead before said suit was ever instituted.

"(3) Because said sale was based upon and made under a judgment rendered for the taxes alleged to be delinquent and due upon said land for the year 1884, which was not authorized by law.

"(4) Because said sale was based upon and made under a judgment rendered against two different sets of defendants, both of which sets could not have had any interest in the subject matter of said suit at one and the same time, and the same was therefore void for uncertainty.

"(5) Because said judgment, under which said sale was made, was rendered upon a petition that proceeded against, and a citation that cited, *in the alternative,* as defendants, the said J. W. Zacharie and C. E. Zacharie, *or* the unknown heirs of said parties, and said judgment was therefore void for uncertainty.

"(6) Because said judgment under which said sale was made, was rendered by default against nonresident defendants on a citation by publication which gave no notice that the State had or sought to foreclose a lien against said land, and the court was therefore without jurisdiction to render said judgment.

"(7) Because said sale was made under a judgment rendered in a suit against unknown heirs, and even if such suit was authorized by law, the citation on which said judgment was rendered was not published for eight consecutive weeks previous to the return day thereof, as required by law, and was therefore void.

"(8) Because said sale was made under a judgment rendered upon a petition and citation naming as defendants, *in the alternative,* J. W. Zacharie and C. E. Zacharie, *or* the unknown heirs of said parties, and said judgment was rendered against all of them jointly, and the same was therefore unauthorized by the pleadings, and void.

"(9) Because said judgment was rendered for, and said sale was made to pay the aforesaid items of cost, which were illegal and not authorized by law." Said items referred to were set out in the petition and were as follows, to wit:

"J. Y. Gooch, the attorney appointed by the court to represent said defendants cited by publication..............$ 50.00
Gideon J. Gooch, for dividing the land into lots and making a map thereof.................................. 150.00
Fee of the District Clerk in said case...... ............ 47.00
Fee of H. M. Cook, as sheriff........................... 47.00
Fee of W. T. Sadler, as county attorney................. 94.00
                                                        _____
    Total ............................. ..... ........$388.00

"(10) Because said sheriff executed said deed to said Carroll after said lot 43 had been sold to the State, and after the expiration of said order of sale."

The prayer is for the recovery of the title and possession of the land

and for an order vacating and annulling said judgment and sheriff's deeds as a cloud upon plaintiff's title.

The defendants answered by general and special exceptions, plea of not guilty, and special plea setting up the statute of limitation of four years in bar of plaintiff's suit to vacate the judgment described in his petition. Defendant Carroll further answered by cross bill claiming title to the land and praying for its recovery against plaintiff.

The trial in the court below was without a jury, and resulted in a judgment that plaintiff taking nothing by his suit, and that defendant Carroll have and recover of plaintiff the title and possession of the land, and all costs of suit.

The land in controversy is a part of a grant of eleven leagues made by the States of Coahuila and Texas to Manuel Rionda. The whole of the grant was conveyed by Rionda to William Moore prior to 1840. On June 12, 1841, Moore conveyed the entire grant of J. W. Zacharie. On October 21, 1902, the heirs of Zacharie and his wife, C. E. Zacharie, conveyed a portion of the grant to J. A. Stewart. Appellant claims under Stewart, who conveyed to him 7,886 acres of the land by deed of date December 14, 1902. The deed from the heirs of J. W. and C. E. Zacharie to J. A. Stewart purports to convey portions of said Rionda grant. The whole eleven league grant is accurately described, but the only description of the portions conveyed by the deed is as follows:

"This deed conveys without warranty all the lands we own as heirs at law of James W. Zacharie and his wife, Caroline E. Zacharie, and by purchase of the said grant, which is estimated to be thirty thousand (30,000) acres, remaining at the death of J. W. Zacharie, June 1, 1870, unsold, uncompromised, not donated or lost in suit by himself or his wife, reference being hereby made to the several deeds of record on the records of deed of Anderson and Freestone Counties, and to the United States District Court at Austin, Texas, for the number of acres sold, compromised and lost in suit."

There was no evidence showing that the land in controversy was not a part of the lands mentioned in the deed to Stewart as not included in the conveyance thereby made.

The deed from Stewart to appellant conveys by metes and bounds a tract of 7,886 acres out of the Rionda grant, and there is no evidence showing that the 139 acres of land in controversy is a part of this 7,886 acres.

Appellant offered no evidence in support of his claim of title by limitation.

On October 1, 1897, the State of Texas brought suit in the District Court of Anderson County to recover delinquent taxes due upon a part of the Rionda grant described in the petition as containing 24,354 acres, less a number of small tracts which had been sold by J. W. Zacharie. The 139 acres are a part of the land upon which the tax lien was foreclosed in this suit. The suit was brought against "J. W. Zacharie and his wife, C. Zacharie, or the unknown heirs of said parties, and all other persons who may be owners of, or having any interest in the hereinafter real estate, and who are unknown to the attorney for the State, and after due inquiry can not be ascertained."

Upon affidavit of the attorney for the State, citation by publication

was issued and published for eight weeks. This citation was to "J. W. Zacharie and wife, C. Zacharie, and the unknown heirs of said parties and all persons owning or having or claiming any interest in the land."

On the 16th day of May, 1898, judgment was rendered in this suit in favor of the State for the taxes sued for and foreclosing a tax lien upon the lands described in the petition. Under an order of sale issued upon this judgment the land in controversy was sold by the sheriff of Anderson County at public sale, and appellee Carroll became the purchaser. The only defendants mentioned in the judgment are the two Zacharies and their unknown heirs, and judgment is rendered against them for the taxes found to be due. The foreclosure is then decreed in the following terms: "It is further decreed that the plaintiff has established a valid tax lien upon the lands hereinafter described to secure said money judgment, interest, penalty and costs, and that the same be and is hereby foreclosed." The deed from sheriff to Carroll conveys "the right, title and interest of J. W. and C. Zacharie or their unknown heirs," and does not in terms convey the interest of any and all persons claiming said land.

Zacharie and his wife both died several years prior to the institution of the tax suit.

The return of the sheriff on the order of sale is so written as to leave it doubtful whether the 139 acres of land was sold to Carroll or to the State. It appears, however, from evidence introduced by Carroll that he in fact bid in the land at the sale and it was struck off to him. He did not pay the amount of his bid and the deed to him was not executed until four months after the sale, and after the order of sale had expired and had been returned; but it was shown that he had made repeated requests of the sheriff to execute the deed, and such request was refused up to the time the deed was executed.

We think the trial court properly held under the facts before stated that plaintiff had failed to show title to the land, and therefore judgment was properly rendered in favor of defendants.

The grantors in the deed to Stewart only undertake to convey that portion of the Rionda grant which had not been previously conveyed by their ancestors, and in order for appellant to show title to the land in controversy under this deed he must show it was not included in the lands mentioned in the deed as having been previously disposed of by the Zacharies and which by the express terms of the deed were not conveyed to Stewart. This proof was not made nor attempted to be made. (Maxwell Land Grant Co. v. Dawson, 151 U. S., 604; Corinne Co. v. Johnson, 156 U. S., 575; Waggoner v. Dodson, 73 S. W. Rep., 518.

Appellant contends that this deficiency in his evidence was supplied by the showing that defendants claim under the heirs of Zacharie as common source, and therefore he was not required to show title in said heirs or that the land in controversy had not been conveyed by, or recovered from Zacharie and wife prior to the conveyance by the heirs of their interest in the grant to Stewart.

We are of opinion that the tax judgment under which defendants claim, if valid, foreclosed, and the sale made thereunder passed the title of the unknown owners of the land as well as the title of the unknown heirs of Zacharie, and defendants claiming under said judgment and

sale can not be held to be claiming under a common source with plaintiff.

The proceeding in a tax suit brought under the delinquent tax act is one *in rem*, and the object and purpose of the act is to enable the State to condemn, seize and sell all lands upon which taxes are due and unpaid. All parties owning or claiming any interest in the property are required to be made parties to the suit and to be served with citation, and when this has been done, a judgment establishing and foreclosing the State's lien upon the property is conclusive against all persons who are parties to the suit and have been served with citation, whether they are named in the judgment or not. This judgment recites that the taxes sued for were due by the Zacharies and their heirs, and renders judgment against them therefor. Of course, no judgment could have been properly rendered against the Zacharies, the evidence showing that they were dead at the time the suit was instituted, but the validity of the judgment is not material to the question we are now considering. The foreclosure is in general terms, and there is nothing to indicate that only the title and interest of the Zacharies and their heirs was intended to be foreclosed. As before stated, we think this judgment foreclosed the tax lien against all of the parties to the suit, and the defendants, who claim under said judgment, are claiming under the unknown owners as well as under the unknown heirs of the Zacharies. The claim under such unknown owners is not affected by the fact that the deed from the sheriff only purports to convey the interest of the Zacharies and their unknown heirs. (Carlton v. Miller, 21 S. W. Rep., 697; Hendricks v. Stone, 78 Texas, 358; Rippetoe v. Dwyer, 1 U. C., 506; Willis v. Smith, 66 Texas, 31; Texarkana Clothing Co. v. Bisco, 40 S. W. Rep., 559.)

If our conclusion that appellee's claim under this judgment does not show a claim under the heirs of Zacharie as common source is not sound, the judgment of the court below must nevertheless be affirmed because the conveyance to appellant from Stewart under which he claims title from the alleged common source, describes a tract of 7,886 acres of land, and it is not shown by any evidence that the 139 acres in controversy was a part of the land conveyed by the Stewart deed.

Appellant having wholly failed to show title to the land, no other judgment than one in favor of defendants could have properly been rendered, and it is therefore unnecessary for us to pass upon the assignments raising questions affecting the validity of the tax judgment and sale under which appellee claims.

We are of opinion that the judgment of the court below should be affirmed and it has been so ordered.

*Affirmed.*

ON MOTION FOR REHEARING.

In our opinion filed in this cause on the 17th of March, 1906, we say that the citation in the tax suit in which the judgment under which appellees claim was rendered, was to "J. W. Zacharie and wife, C. Zacharie, and the unknown heirs of said parties," etc.

This statement is erroneous, said citation having in fact been issued to "J. W. Zacharie and wife, C. Zacharie, *or* the unknown heirs of said

parties and all persons owning or having or claiming any interest in the land."

We have carefully considered the motion for rehearing and with the correction above made adhere to our former conclusions.

*Overruled.*

Writ of error refused.