## STATE MORTGAGE CORPORATION v. MAGEE et al.

### No. 8409.

Court of Civil Appeals of Texas. San Antonio. April 16, 1930.

Rehearing Denied May 14, 1930.

N. W. Palmer, of San Antonio, for plaintiff in error.

Emmett B. Cocke, of San Antonio, for defendants in error.

FLY, C. J.

This is an action of trespass to try title to lots 17, 18, and 19, new city block 2588, located on the north side of Helena street, in the city of San Antonio, instituted by Ora M. Magee, joined by her husband, J. C. Magee, against plaintiff in error. The cause was tried without a jury, and judgment rendered in favor of defendants in error for the land.

We adopt the findings of fact of the trial judge as follows:

"State and County taxes for the year of 1921, amounting to $9.27 became delinquent on the property in controversy herein and on October 28th, 1922, the State of Texas filed its suit Number A–25276, in the 73rd District Court in and for Bexar County, Texas, against William Lange, and H. V. Delagneau, to foreclose its lien for such taxes; that due service of citation was had on William Lange, on May 16th, 1923, and on the 21st day of June, 1923, a final decree of foreclosure in due and proper form was rendered therein.

"Neither A. B. Rather nor Ora McGee were parties to said Suit No. A–25276.

"An Order of Sale in due and proper form was issued, pursuant to said decree of foreclosure and on the 7th day of August, 1923, said property was sold thereunder by the Sheriff of Bexar County, Texas, to Clay Tallman for $150.00, and a Sheriff's Deed was duly executed thereunder to said purchaser and duly recorded in the Deed Records of Bexar County, Texas, on January 15th, 1924; and the amounts paid at said sale paid off and discharged the taxes due and delinquent thereon.

"Defendant herein, State Mortgage Corporation is the remote vendee by Mesne Conveyance from Clay Tallman and is the owner of all the right, title, and estate in and to said property, acquired by the said Clay Tallman, by virtue of the foreclosure and sale thereunder in Cause No. A–25276, as above set out, and the defendant State Mortgage Corporation, was at the time of the filing of this cause in constructive but not actual possession of said property under a writ of possession issued in said tax foreclosure suit No. A–25276; no lis pendens notice was filed as to the foreclosure suit above set out.

"A. B. Rather is the common source of title as between plaintiff and defendant, and on the 30th day of May, 1921, was the owner in fee-simple of the lands in controversy and on that day sold same to William Lange, by warranty deed duly recorded in the deed records of Bexar County, Texas, retaining a vendor's lien thereon to secure the payment of three (3) notes in the sum of Four Hundred Fifteen ($415.00) Dollars each, due in one, two and three years, respectively, from that date.

"A. B. Rather sold said notes to the plaintiff, Ora McGee, by written transfer of the notes and lien, and his superior title to the land, which transfer was in due form and duly and timely recorded in the Deed Records of Bexar County, Texas.

"Default was made in the payment of said notes, and on June 26, 1922, Ora McGee, plaintiff herein, filed suit against William Lange and A. B. Rather on said notes to foreclose said lien; said suit being No. B–30433 on the Docket of the 37th District Court in Bexar County, Texas. Due service was had on both defendants on September 21st, 1922, and on October 20th, 1922, due and proper judgment of foreclosure was rendered therein against both defendants, and an Order of Sale was duly issued thereunder, and on December 5th, 1922, said property was sold by the Sheriff thereunder to Mrs. Ora McGee, the plaintiff herein, for the sum of Seven Hundred and Fifty Dollars ($750.00), and a sheriff's deed duly executed to her and filed in the Deed Records of Bexar County, Texas."

Defendants in error were not parties to the tax suit to foreclose the tax lien, and neither was the vendor of Ora M. Magee, A. B. Rather, made a party, and the trial court held that said Ora M. Magee was not bound thereby. That ruling is assailed as being contrary to law.

It is asserted in the first proposition that the state of Texas has a valid lien for taxes, and plaintiff in error seems to conclude that the lien could be legally foreclosed without making the record owners parties and they would be bound by the judgment. At the time the suit for taxes was filed, on October 28, 1922, the legal title to the land was in A. B. Rather, while the equitable title was in William Lange, and he was served and judgment for the taxes of 1921 taken against him June 31, 1923. The property was sold for the taxes, and under that sale plaintiff in error claims title. Prior to the filing of that suit, Ora M. Magee had obtained a judgment against Lange and Rather for the amount of the purchase-money notes, and six months before the lien for taxes was foreclosed Ora M. Magee had bought the property at a foreclosure sale, and at once placed the deed on record. It had been on record about seven months before the land was sold for the taxes.

The state of Texas undoubtedly had a lien on the land for the taxes, but it was not automatic, but had to be foreclosed, and, in order to foreclose it legally, the state was compelled to have the necessary parties be-

fore the court. The state had legal notice, at the time it obtained its judgment of foreclosure and at the time it issued its order of sale, that the land was the property of Ora M. Magee. The lien of the state did not, as claimed by plaintiff in error, pass to Clay Tallman, purchaser at the tax sale, nor at the time mesne conveyances were made to plaintiff in error, but he either got the title to the land or he got nothing. Tallman got all of Lange's title, which was nothing whatever.

At the time the suit was instituted for the taxes, the record disclosed that A. B. Rather held a vendor's lien on the land, and that the superior title was in him, and yet he was not made a party. He was not only a proper but a necessary party. Article 7328 of the Revised Statutes, which prior to the time of the filing of the suit for taxes was article 7689, provides that the proper persons, including all record lienholders, shall be made parties defendant in such suit for taxes, and the proceedings shall be the same as in ordinary foreclosure suits in the district courts of this state. Hollywood v. Wellhausen, 28 Tex. Civ. App. 541, 68 S. W. 329; Ball v. Carroll, 42 Tex. Civ. App. 323, 92 S. W. 1023, 1026. As said in the last case cited: "The proceeding in a tax suit brought under the delinquent tax act is one in rem, and the object and purpose of the act is to enable the state to condemn, seize, and sell all lands upon which taxes are due and unpaid. All parties owning or claiming any interest in the property are required to be made parties to the suit and to be served with citation, and when this has been done a judgment establishing and foreclosing the state's lien upon the property is conclusive against all persons who are parties to the suit and have been served with citation, whether they are named in the judgment or not." The foreclosure sale for taxes was invalid in so far as A. B. Rather and the Magees were concerned.

The judgment is affirmed.