## POPE et al. v. STATE et al.
### No. 2717.

Court of Civil Appeals of Texas. El Paso.
Sept. 29, 1932.

Opinion Granting Issuance of Mandate Feb. 2, 1933.

H. S. Bonham, of Corpus Christi, for plaintiffs in error.

A. M. Turney, Co. Atty., of Alpine, for defendants in error.

PELPHREY, C. J.

This cause was appealed from the district court of Brewster county, Tex. The judgment appealed from was in favor of the state of Texas, for $1,725.91, taxes, penalties, and interest due the state of Texas, and the county of Brewster, on certain lands in Brewster county, for the years 1921, 1923, and 1925.

The judgment of the trial court was reversed by this court and the cause remanded to the trial court. 53 S.W.(2d) 332. Under the general rule, the costs were adjudged against defendant in error.

Thereafter the county attorney of Brewster county requested the clerk to issue the mandate, which he declined to do under article 1865, Revised Statutes.

Defendant in error has now filed its motion for an order requiring the clerk to issue the mandate.

The basis of the motion is that the state is not liable for costs. The motion is contested by plaintiffs in error.

We find the rule, as laid down in Corpus Juris, as to the liability of the state for costs, to be: "While the state may be excused from the payment of costs because of express statutory exemption, it is a general and well established rule, apart from statute, that costs are not recoverable from a state, in her own courts, whether she has brought suit as plaintiff or has properly been sued as defendant; or whether she is successful or defeated." 59 C. J. § 503, p. 332. We find the same rule announced in 25 R. C. L. § 55, p. 418.

After a diligent search, we have found no statute in our state whereby the state is made liable for costs, and therefore we conclude that the defendant in error was not liable for the costs in the case at bar and

that such costs were improperly taxed against it.

This being true, it follows that the mandate should issue without the payment of costs and that article 1865 will not apply in this case.

It is therefore ordered that the clerk issue the mandate as prayed for by defendant in error.