## POPE et al. v. STATE et al.

## No. 2717.

Court of Civil Appeals of Texas. El Paso.

Sept. 29, 1932.

H. S. Bonham, of Corpus Christi, for plaintiffs in error.

A. M. Turney, County Atty., of Alpine, for defendants in error.

PELPHREY, C. J.

This appeal has been perfected from a judgment against W. E. Pope and G. S. Combs, independent executor of the D. S. Combs' Estate, for $1,725.91, taxes, penalties, and interest due the state of Texas on certain lands in Brewster county, Tex., for the years of 1921, 1923, and 1925.

The judgment further decrees a foreclosure of the tax lien on the property. Plaintiffs in error have filed no briefs in this court,

and, therefore, the judgment should be affirmed unless there is error apparent on the face of the record.

An examination of defendants in error's petition discloses that the suit was filed against W. E. Pope and G. S. Combs (lien holder), while the judgment is against Pope and G. S. Combs, independent executor of the D. S. Combs' Estate.

Article 7328, Revised Statutes, provides: "The proper persons, including all record lien holders, shall be made parties defendant in such suit, and shall be served with process and other proceedings had therein as provided by law in ordinary foreclosure suits in the district courts of this State;" and therefore lienholders of record are necessary parties in a suit to foreclose a tax lien. State Mortgage Corporation v. Magee (Tex. Civ. App.) 27 S.W.(2d) 864.

■ It is true that here judgment is rendered against G. S. Combs as independent executor of the estate of D. S. Combs, but there is no pleading to support such judgment. G. S. Combs, as independent executor, was not made a party to the suit by the petition, and no relief was prayed for against the estate of D. S. Combs or against G. S. Combs, in his representative capacity.

We are of the opinion that these matters constitute error apparent on the face of the record and call for a reversal of the judgment.

The judgment of the trial court is therefore reversed and the cause remanded.

Reversed and remanded.