## MILLER et al. v. PULLMAN et al.
### No. 9971.

Court of Civil Appeals of Texas. Galveston.
May 25, 1934.

Rehearing Denied June 14, 1934.

John C. Townes, Jr., H. P. Pressler, Jr., and E. E. Townes, Jr., all of Houston, for appellants.

Weslow, Beadle & Mooney, of Houston, for appellees.

LANE, Justice.

This suit was brought by J. J. Miller in the form of trespass to try title to lots 1 and 2 in block 143 of the town of South Houston, against Delhi Pullman, joined pro forma by her husband, E. E. Pullman, H. Burroughs, Sherman Burroughs, Jr., Otto Burroughs, and Robert Burroughs.

In the suit defendants filed a cross-action in trespass to try title to the same property against J. J. Miller and Otis Meredith.

It is shown by the undisputed evidence that the two lots involved in the suit were by a general warranty deed conveyed by Boyd F. Damon and wife to J. J. Miller on the 18th day of January, 1927. Such deed was duly recorded on the 20th day of January, 1927.

On April 7, 1931, J. J. Miller executed and delivered to Otis Meredith a deed of trust conveying said two lots which was duly recorded on the day of its execution and delivery.

The Western Land Corporation is the common source of title.

On October 20, 1910, the Western Land Corporation conveyed the two lots to one Sherman T. Burroughs by a general warranty deed. Such deed, however, was not recorded until February 2, 1929, two years after the deed by Boyd Damon was executed and recorded.

It is shown that J. J. Miller had no notice either actual or constructive of the existence of the deed from Western Land Corporation to Sherman Burroughs prior to its record in 1929.

The undisputed facts are:

That Western Land Corporation conveyed to the South Texas Mortgage Company on February 15, 1911, for a valuable consideration, by deed duly filed for record in Harris county on February 18, 1911, and duly recorded in the deed records of such county, certain tracts of land specifically described in various paragraphs of said deed, and in the tenth paragraph of said deed conveyed as follows: "Also any and all other lots, blocks, fractional lots and fractional blocks and tracts and parcels of land belonging to the Western Land Corporation in South Houston. * * * Also any and all other lands and interest in lands belonging to the Western Land Corporation in Harris County, Texas."

That by deed dated December 19, 1913, filed for record in Harris county on the same day and duly recorded in the deed records of such county, South Texas Mortgage Company conveyed to the Dumont Realty Company as follows: "All and singular all of the real property and real estate of any and all kinds now owned, held or claimed by the said South Texas Mortgage Company in Harris County, Texas."

That on September 16, 1919, by deed duly recorded in the deed records of Harris county, Tex., Dumont Realty Company conveyed to the Texas Oil Producers Company of Delaware, by special warranty deed, the property in question, specifically describing same, and by mesne conveyances, all recorded prior to January 20, 1927, the title of Texas Oil Producers Company of Delaware was acquired by the appellant J. J. Miller.

At the date of the execution and filing of the deed from the Western Land Corporation to the South Texas Mortgage Company, the record title to the property in question was in the Western Land Corporation, and no other conveyance of the property in question out of the Western Land Corporation is reflected by the records of Harris county, Tex., other than the deed of Sherman T. Burroughs, which was not filed for record until February 2, 1929. The record title to the property in question was in the South Texas Mortgage Company at the time of the execution and filing of the deed from the South Texas Mortgage Company to the Dumont Realty Company, and no other deed appears of record in Harris county, Tex., from the South Texas Mortgage Company, conveying the property in question.

The premises continuously remained vacant and unoccupied until about two weeks prior to the institution of the suit in ques-

tion. Appellee Delhi Pullman has acquired the title of Sherman T. Burroughs, if any, in and to the property in question.

The case was tried before the court without a jury, and judgment was rendered against J. J. Miller, in which it is recited that the court was of opinion that the description in the deed from Western Land Corporation to South Texas Mortgage Company and the description in the deed from South Texas Mortgage Company to Dumont Realty Company are not sufficient to include the two lots involved in this suit, and that such deeds constitute a portion of plaintiff Miller's chain of title to said lots, that the law and facts are with the defendants and cross-plaintiff Delhi Pullman, and that she is entitled to judgment for the title and possession of the two lots as against all parties to this suit.

Upon such recited findings and conclusions the court decreed that plaintiff J. J. Miller take nothing against defendants by his suit, and that Delhi Pullman on her cross-action recover from J. J. Miller and Otis Meredith judgment for the title and possession of lots 1 and 2 in block 143 of the town of South Houston, in Harris county, Tex., and that she be placed in possession of the same as her separate property.

J. J. Miller and Otis Meredith have appealed.

Stating the facts in logical order as they occurred, they are as follows:

Western Land Corporation, the common source, executed two deeds; the first dated October 20, 1910. This deed was delivered to Sherman T. Burroughs and conveyed to him the two lots involved in this suit. Such deed, however, was not recorded until February 2, 1929. In the meantime, between the date of the first deed and the date of its record, said corporation executed and delivered to South Texas Mortgage Company the second deed on the 15th day of February, 1911. By this second deed Western Land Corporation conveyed to South Texas Mortgage Company certain tracts of land specifically described in various paragraphs thereof, none of which was the two lots involved in this suit. In the Tenth paragraph thereof conveyance was made as follows: "Also any and all other lots, blocks, fractional lots and fractional blocks and tracts and parcels of land belonging to the Western Land Corporation in South Houston * * * also any and all other lands and interest in lands belonging to the Western Land Corporation in Harris County, Texas."

This second deed was duly filed for record on the day of its execution.

On December 19, 1913, the South Texas Mortgage Company executed and delivered to Dumont Realty Company a deed by which it conveyed to the realty company lands described as follows: "All and singular all of the real property and real estate of any and all kinds now owned, held or claimed by said South Texas Mortgage Company in Harris County, Texas."

Such deed was duly filed for record on the day of its execution and delivery.

On September 16, 1919, Dumont Realty Company, by a warranty deed of that date, conveyed to the Texas Oil Producers Company of Delaware lots 1 and 2, block 143, which are involved in this suit. Such deed was promptly placed of record in Harris county, Tex.

By mesne conveyances the title of the two lots involved in this suit passed from Dumont Realty Company to J. J. Miller by specific description.

Cross-plaintiff Delhi Pullman is asserting title to the two lots involved in this suit under and through the deed of Western Land Corporation to Sherman T. Burroughs, which was not filed for record nor recorded until February 2, 1929.

J. J. Miller had no notice, either actual or constructive, of the existence of the deed from Western Land Corporation to Sherman T. Burroughs prior to the time the two lots were conveyed to him, nor prior to its record in 1929.

For further undisputed facts, reference is here made to our preliminary statement.

Appellant contends for reversal, first, that the deed from Western Land Corporation to South Texas Mortgage Company sufficiently and definitely described the land conveyed to include the two lots involved in this suit, and that therefore the record title to said lots was in South Texas Mortgage Company at the time of its conveyance to the Dumont Realty Company; second, that, appellant J. J. Miller having purchased the property in question for a valuable consideration without any notice of the claim of Sherman T. Burroughs or of the appellees herein and same having been conveyed to him by general warranty deed dated January 20, 1927, prior to the date of the recording of the deed from the Western Land Corporation to Sherman T. Burroughs, the appellant J. J. Miller was a subsequent purchaser for valuable consideration without notice, as to whom the unrecorded deed from

the Western Land Corporation to Sherman T. Burroughs was void.

Appellant Miller claims title to the property involved in this suit under two deeds, which, while they contain covenants of general warranty, did not specifically describe the land in controversy. One of such deeds is one which describes at length various lots, blocks, and parcels of land, and then contains also a blanket clause covering all of the other lots, blocks, and parcels of land owned by the grantor within certain territorial limits, and the other, a deed which contained no specific description of any land whatever, but merely purports to convey all of the real property then owned, held, or claimed by the grantor in Harris county, Tex.

█ It is well settled that a description in a deed describing the property as all of the lands or interest in lands belonging to the grantor, as in the deed from the Western Land Corporation to the South Texas Mortgage Company, is sufficiently definite to constitute a valid description of the property which is shown by extrinsic evidence to have belonged to the grantor at the time of the conveyance. But we think it is also well settled that by such conveyance the grantee gets title only to such property as his grantor owned at the time of the conveyance, such only as belonged to the grantor.

█ J. J. Miller has not shown title to the land involved in this suit by and through the deed from Western Land Corporation to South Texas Mortgage Company, which does not specifically describe such land, but which contains an omnibus clause such as "all of the lands owned by me in a certain county or town," since there is proof in the record that the particular land in controversy had been conveyed by Western Land Corporation to Sherman T. Burroughs prior to the date of its deed to South Texas Mortgage Company, under which Miller claims. Galbraith v. Engleke (Tex. Sup.) 1 S. W. 346, at pages 147, 148; Ball v. Carroll, 42 Tex. Civ. App. 323, 92 S. W. 1023, 1025; Ross v. Lafferty (Tex. Civ. App.) 95 S. W. 18, 19; Brown v. Jackson, by the United States Supreme Court, 3 Wheat. 449, 4 L. Ed. 432; Fitzgerald v. Libby, 142 Mass. 235, 7 N. E. 917, 918; Jemison v. Scottish-American Mortgage Co., 19 Tex. Civ. App. 232, 46 S. W. 886; Mills v. Pitts, 121 Tex. 196, 48 S.W.(2d) 941, by the Supreme Court.

If the plaintiff has any shadow of title to the two lots involved in this suit, it is by virtue of the deed from Western Land Corporation to South Texas Mortgage Company, for it was an essential link in the plaintiffs' chain of title. While such deed specifically described numerous lots and blocks of land in South Houston, it did not, as already stated, describe the lots involved in this suit, except as said lots may have been included in paragraph 10 thereof, which is as follows: "Tenth: Also any and all other lots, blocks and fractional lots and fractional blocks and tracts and parcels of land belonging to the Western Land Corporation in South Houston as well as all land belonging to the Western Land Corporation in South Houston Gardens, Nos. 1, 2, 3, 6, 7 and 8, whether herein specifically described or not, also any and all other lands and interest in lands belonging to the Western Land Corporation in Harris County, Texas."

A second essential link in appellants' chain of title was a conveyance from South Texas Mortgage Company to the Dumont Realty Company, which contained the following, and no other, description: "All and singular, all of the real property and real estate of any and all kinds now owned, held or claimed by the South Texas Mortgage Company, in Harris County, Texas."

We have already shown that prior to the date of the execution of the deed from Western Land Corporation to South Texas Mortgage Company, under which company the plaintiffs claim, Western Land Corporation, the common source of title, had conveyed to Sherman T. Burroughs by general warranty deed the two lots involved, under which deed cross-plaintiff Mrs. Delhi Pullman claims.

The controlling question to be determined on this appeal is whether, after such prior conveyance to Sherman T. Burroughs was shown, the descriptive language contained in the tenth paragraph of the deed from Western Land Corporation to South Texas Mortgage Company, above quoted, and the descriptive language in the deed from South Texas Mortgage Company to the Dumont Realty Company did, as a matter of law, include the two lots in controversy.

In the case of Jemison v. Scottish-American Mortgage Company, supra, the land in question was described as follows: "Also all of our lands lying northwest of the Texas & Pacific Railroad, which we acquired by purchase and inheritance from A. F. James, deceased, late citizen of Galveston county, Texas, said Texas & Pacific entering Texas in Harrison county on the east, and El Paso county on the west; and this deed is intended to convey all lands we own northwest of said road acquired by purchase from the heirs of said James, or by inheritance."

With reference to what passed by such deed, the court said: "The registration statute which makes void as to purchasers for value and without notice a prior unrecorded deed has no application here, for the purchaser under these conveyances holds no deed whatsoever to the land covered by the prior unrecorded deed made by the executor."

In the case of Ball v. Carroll, supra, it is said: "The grantors in the deed to Stewart only undertake to convey that portion of the Rionda grant which had not been previously conveyed by their ancestors, and in order for appellant to show title to the land in controversy under this deed he must show it was not included in the lands mentioned in the deed as having been previously disposed of by the Zacharies, and which by the express terms of the deed were not conveyed to Stewart. This proof was not made nor attempted to be made."

In the case of Ross v. Lafferty, supra, the instrument in question covered a large number of tracts of land specifically described and as being situated in Harris, Montgomery, and other named counties, but did not mention or describe the tract in controversy in the suit, but it did include this general clause: "Also all lands, blocks, parcels, and tracts of land owned by me in any of the aforementioned counties, whether contained in the above enumeration of property or not."

In that case this court said: "It is thus apparent that unless the deed of trust executed by W. B. Turner for the use of Burnett covered the land in question the judgment of the trial court must stand. * * * It arises upon the proper construction and legal effect of what may be termed the 'blanket' clause quoted above from the deed of trust, whereby W. B. Turner sought to extend the lien of the trust deed to all lands owned by him in the named counties whether included in the specific descriptions or not. The solution of the question is not controlled by the authorities cited by appellant. They bear alone upon the question of notice. In Galbraith v. Engleke (Tex. Sup.) 1 S. W. 346, our Supreme Court approved a construction of like language in a deed, whereby it was held in effect that no land was thereby conveyed; the title to which was not then in the grantor. The language purports to pass only what the grantor owns."

There was considered in Fitzgerald v. Libby the effect, when included in a mortgage in which certain specific lots had been described, of a blanket clause reading as follows: "All so all the land by me owned and situate in my New City" addition.

When it was made to appear that there was, at the time such mortgage was executed, an outstanding prior conveyance (but still unrecorded) covering the lots involved in that suit, the court said, holding that the mortgage did not cover the lots involved in that suit, which lots had been specifically enumerated in the description, but which were covered, if at all, by the blanket clause: "It can hardly be supposed that he would intend to include in the mortgage land which he had already granted to others. The grantee in the mortgage was fairly put upon inquiry. If he was content to take a grant with so indefinite a description, he must take the risk. Otherwise, if the grantor had sold all of the large tract but two or three scattered lots, and then made a deed like the present for the purpose of conveying what was left, it would take effect in priority to any former deeds which might chance to remain unrecorded; thus working a practical fraud on the earlier grantees, and entirely subverting the grantor's intention. Where a conveyance is made with no particular description of the land, the words 'all the land by me owned' are more naturally understood to mean 'all the land now owned by me,' which is equivalent to 'all the land which I have not heretofore conveyed.'"

The answer of the Supreme Court to a certified question from this court in the case of Garner v. Boyle, 97 Tex. 460, 79 S. W. 1066, cited by appellants, seems to be in conflict with prior utterances by our Supreme Court, and announces a rule which none of our appellate courts, including the Supreme Court, has since followed, and which it has been necessary for the Supreme Court to overrule by every reasonable inference in order to reach the conclusion which it has done in later cases. See Ross v. Lafferty and other cases above cited. For the reasons stated, we do not think it authority for sustaining appellants' contentions.

On the authorities above cited by us we have reached the conclusion that there was no error in the action of the trial court in holding, as a matter of law, that the plaintiff Miller had failed to show title in himself to the land in controversy in this suit, and that the judgment of the trial court should be affirmed.

█ It is perhaps advisable to here say, in answer to appellants' second contention, that as the deeds, one from Western Land Cor-

poration to South Texas Mortgage Company and the other from the mortgage company to Dumont Realty Company, under which appellant claims, contains no specific description of the two lots involved in this suit, but in so far as they may relate to said lots merely purport to convey all the real estate then owned, held, or claimed by the grantors in Harris county, Tex., we conclude that such deeds, in so far as they may relate to the two lots in controversy, are only quitclaim deeds. Cook v. Smith, 107 Tex. 119, 174 S. W. 1094, 3 A. L. R. 940; Jemison v. Scottish-American Mortgage Co., 19 Tex. Civ. App. 232, 46 S. W. 886.

Wherefore we conclude that, while the two deeds mentioned may not be quitclaim deeds as to lands situated in Harris county which are specifically described, they amount to no more than quitclaims in respect to the two lots in controversy, and hence the defense of good-faith purchase was not available to the plaintiff Miller.

For the reasons pointed out, the judgment of the trial court is affirmed.

Affirmed.