**STONUM et ux. v. SCHULTZ et al.**

**No. 10976.**

Court of Civil Appeals of Texas. Galveston.

March 21, 1940.

826

Edward S. Boyles, Bruce Billingsley, and Willard L. Russell, all of Houston, for appellants.

Moore & Daugherty, of Houston, for appellees.

GRAVES, Justice.

This appeal by H. P. Stonum and wife, Helen T. Stonum, only, out of several parties defendant who made common cause below, as appellants, is from a judgment of the 80th District Court of Harris County, sitting without a jury, denying appellants any right, title, or interest in Lot 11, Block 111, of the City of South Houston in Harris County, Texas, as against the claims of ownership of such land by Bertha Anna Schultz and Mrs. Frances Heiman, appellees herein, and vesting title to and possession of such land in the appellees as against appellants' declared-upon claims of title thereto in themselves.

In support of its decree, the court originally filed findings of fact and conclusions of law, in so far as deemed now material, as follows:

"Findings of Fact.

"(1) That in consideration of $90, on September 14, 1909, Western Land Corporation executed and delivered to Fritz H. Schultz a deed conveying Lot 11, Block 111, City of South Houston, Harris County, Texas.

"(2) That Fritz Schultz was married to plaintiff, Bertha Anna Schultz, prior to September 14, 1909.

"(3) Fritz H. Schultz died intestate on December 11, 1921, and was survived by his widow, Bertha Anna Schultz, and his only child, Mrs. Frances Heiman.

"(4) Fritz H. Schultz left no debts and there was no administration on his estate, and no necessity therefor.

"(5) That the deed of Western Land Corporation to Fritz H. Schultz covering Lot 11, Block 111, City of South Houston, Harris County, Texas, was lost by Mrs. Bertha Anna Schultz during the year 1923, or shortly thereafter.

"(6) That, after loss of the aforesaid deed in 1923, plaintiffs have searched for the deed with diligence and have been unable to find same.

"(7) That on April 1, 1937, Bertha Anna Schultz, Mrs. Frances Heiman, joined by her husband, George W. Heiman, executed and delivered to W. Blair Scott an oil, gas and mining lease covering Lot 11, Block 111, City of South Houston, Harris County, Texas, which is recorded in Volume 294, Page 336, of the Deed Records of Harris County, Texas.

"(8) That on February 15, 1911, Western Land Corporation executed and delivered to South Texas Mortgage Company a deed specifically describing certain lots in City of South Houston, but such deed did not include by its specific description Lot 11, Block 111, the land in controversy; although the deed did recite: 'Any and all lands and interest in lands belonging to Western Land Corporation in Harris County, Texas.'

"(9) That on December 19, 1913, South Texas Mortgage Company conveyed to Dumont Realty Company 'all and singular

all of the real property and real estate of any and all kinds now owned, held or claimed by the South Texas Mortgage Company in Harris County, Texas.'

"(10) That on September 16, 1919, Dumont Realty Company executed a deed in favor of Texas Oil Producers Company describing therein, among other lands, Lot 11, Block 111, City of South Houston.

"(11) That thereafter there is a regular chain of conveyances out of Texas Oil Producers Company into Helen T. Stonum, each deed describing Lot 11, Block 111, City of South Houston, Harris County, Texas, or referring to some instrument that describes same.

"(12) That on September 2, 1934, H. P. Stonum and wife, Helen T. Stonum, executed and delivered to Ralph A. Johnston an oil, gas and mining lease describing therein Lot 11, Block 111, City of South Houston, Harris County, Texas, which lease was later assigned to Stanolind Oil & Gas Company.

"(13) That on October 1, 1935, H. P. Stonum and wife, Helen T. Stonum, executed and delivered to Inter-State Royalty Corporation, Ltd., a deed purporting to convey one-half ($\frac{1}{2}$) mineral interest in various tracts, including Lot 11, Block 111, City of South Houston, Harris County, Texas; and the consideration as to Lot 11, Block 111, the land in controversy, was Eighty Dollars.

"Conclusions of Law.

"(1) The common source of title of both plaintiffs and defendants, was by agreement of the parties Western Land Corporation.

"(2) That the deed of Western Land Corporation to Fritz H. Schultz, dated September 14, 1909, passed title to Lot 11, Block 111, City of South Houston, Harris County, Texas.

"(3) That Bertha Anna Schultz, widow of Fritz H. Schultz, and Mrs. Frances Heiman, the only child of Fritz H. Schultz, inherited from Fritz H. Schultz the aforesaid property.

"(4) That the deed of Western Land Corporation to South Texas Mortgage Company, dated February 15, 1911, purporting to convey 'any and all lands and interest in lands belonging to Western Land Corporation in Harris County, Texas', did not convey Lot 11, Block 111, City of South Houston, Harris County, Texas.

"(5) That the deed of South Texas Mortgage Company to Dumont Realty Company conveying 'all and singular all of the real property and real estate of any and all kinds now owned, held or claimed by South Texas Mortgage Company in Harris County, Texas', did not convey Lot 11, Block 111, City of South Houston, Harris County, Texas.

"(6) Since the defendants predicate their title on the above mentioned deed of Western Land Corporation to South Texas Mortgage Company and the deed of South Texas Mortgage Company to Dumont Realty Company, which did not pass title to the property in controversy on account of the previous conveyance by Western Land Corporation to Fritz H. Schultz, defendants therefore failed to show any title to the land in controversy."

The quoted findings of fact were not only made at appellants' request, but additional ones were likewise added thereto as Nos. 14 to 37, inclusive; since, in the main, these go largely into evidentiary details, such as specifying the whole course of appellants' chain of title, with copies of some of the instruments themselves, it is deemed unnecessary to either quote or make a résumé of them here; their tenor and purport, as well as the objective thereof, evidently was to lay a full factual-basis for appellants' attack by way of this appeal upon the determinative conclusions of law of the learned trial court, to-wit, Nos. (2), (4), and (5), especially.

After careful consideration of the very able presentment by appellants of that attack, it is this court's conclusion that it must fail—that, indeed, the dominating question of law therein argued has been foreclosed against appellants in this court's holding as to the legal effect of the same instruments, on analogous facts to those involved here, in Miller v. Pullman, Tex. Civ.App., 72 S.W.2d 379, writ refused.

With much courtesy and earnestness appellants thus invite this court to now overrule that former adverse determination: "We recognize that this Honorable Court has, in Miller v. Pullman, 72 S.W.2d 379, held that the general warranty deeds from Western Land Corporation to South Texas Mortgage Company and from South Texas Mortgage Company to Dumont Realty Company are quit-claim deeds, in spite of their covenants of general warranty. We can only urge this Court that it reconsider on the authorities herein presented; that to excise from the deed whose

description is sufficient to pass title the warranties specifically written therein cannot fail to unsettle, throughout the entire State of Texas, the titles of bona fide purchasers for value, without notice, who, as in the case at bar, relied upon such warranties as constituting a chain of title sufficient to protect them against the secret claims of those who, many years later, might attempt to nullify their vested right."

The vice in this suggestion is thought to be two-fold: (1) As indicated in the citation, the Supreme Court refused a writ of error in that cause at a time when that action constituted an approval of this court's opinion; (2) the rule therein declared had already been established by other authorities this court would likewise have no power to nullify. Cook v. Smith, 107 Tex. 119, 174 S.W. 1094, 3 A.L.R. 940; Houston Oil Company v. Niles, Tex.Com. App., 255 S.W. 604.

■ In other words, the appellants' efforts to overturn that holding rest upon their view that the covenants of general warranty in the deeds down under which they held relieve those deeds from being quitclaims, with the consequent legal effect given them by this court in the Miller case, and that such a definite credit should now be given them here, notwithstanding that prior classification of them. But it is not perceived how that may be done, when the law is equally well settled with us to the effect that such mere covenants of warranty amount at most to collateral contracts or undertakings between the parties thereto, and their privies, and neither constitute a part of the conveyance itself, nor strengthen or enlarge the title thereby conveyed; Richardson v. Levi, 67 Tex. 359, 366, 3 S.W. 444; 12 Tex.Jur., pp. 22, 23.

It would serve no useful purpose to restate the evidence upon which this judgment was rendered, since the essential facts forming its basis are reflected in the quoted findings, which have not been in any material respect successfully attacked.

■ Nor to reconsider the rationale upon which the cited holdings of our Supreme Court, on essentially the same situations, have been rested; if the resulting rules of property, which appellants are pleased to term "grievous and widespread wrongs which will result from the court-made law that covenants of general warranty made in deeds of general description be ruthlessly shorn therefrom", should be changed or abrogated, the appeal is obviously properly addressable to the Legislature, and not to the courts—at any rate, not to those of intermediate jurisdiction.

■ It seems to this court an easy and natural, deduction from facts of quite simple character for the learned trial court to have declared—following its own like determination originally in Miller v. Pullman, supra—that, the Western Land Corporation, having in fact, in September of 1909, conveyed this land itself to Schultz, whether the deed thereto was recorded or not, it no longer belonged to that corporation, hence its subsequent instrument in 1911 merely conveying "any and all lands and interest in lands belonging to Western Land Corporation in Harris County, Texas", did not in effect convey this particular tract, or anything else, except a chance at the title to whatever land the Western Land Corporation might still own.

■ Nor are appellants' claims to have been innocent purchasers of this property, under their declared-upon instruments, any better founded; the statute they appealed to, R.S. Article 6627, is inapplicable, because, in the first place, there is in this record neither finding nor proof that they bought or purported to buy without notice of this prior deed to Schultz of 1909; but if there had been, under this court's holding in the Miller v. Pullman case, they still would not have been entitled to protection as innocent purchasers, for the reason that the residuum-like instruments under which they sought to claim this property amounted to merely a quit-claim of something that had already been conveyed away out of their chains of title; so that, even though they did pay value for those instruments, and despite the fact that they carried such warranty, they still could not qualify under them, as subsequent bona fide purchasers of this particular property for value.

■ Neither is it thought the trial court erred in allowing the appellees to prove by parol testimony the execution and delivery of the deed from Western Land Corporation to Schultz; this, for the reason that they had sued in trespass to try title, declaring themselves to be the owners in fee simple of this particular land, which the appellants answered only by general demurrer, general denial, and plea of not guilty. Brownfield v. Brabson, Tex.Civ. App., 231 S.W. 491, 493; Edwards v. Barwise, 69 Tex. 84, 6 S.W. 677; Houston Oil Co. v. Reese Corriher, Tex.Civ.App.;

181 S.W. 745; Ford v. Thompkins, Tex. Civ.App., 8 S.W.2d 782; Masterson v. Harris County Ship Channel, Tex.Com. App., 15 S.W.2d 1011, 67 A.L.R. 1324; Meade v. Logan, Tex.Civ.App., 110 S.W. 188; Parks v. Caudle, 58 Tex. 216; Pierce v. Texas Rice Co., 52 Tex.Civ.App. 205, 114 S.W. 857; Simpson v. Edens, 14 Tex.Civ. App. 235, 38 S.W. 474.

Since the supporting facts for this conclusion are likewise presented in the quoted findings, it is deemed unnecessary to repeat them; suffice it to say that the testimony of C. S. Wood and J. F. Minton, President and Secretary, respectively, of that corporation, was to the effect that its records, which were kept under their supervision, fully and competently supported the finding that such deed was in fact both executed and delivered by that corporation to Schultz, in all respects as declared upon by the appellees.

Upon like considerations, the deed-book of that corporation, showing such execution and delivery of that deed to Schultz for the land here involved, was admissible upon the testimony of President Wood that such entries therein had been made under his supervision, that he had kept the book in his custody, and that these entries had been made therein in the regular course of the corporation's business, concurrently with the transactions the deed reflected. Heid Bros. v. Commercial Nat'l. Bank, Tex.Com.App., 240 S.W. 908, 24 A.L.R. 904; Flynn v. Citizens' Nat. Bank, Tex.Civ.App., 31 S.W.2d 485; Indemnity Ins. Co. v. Jago, Tex.Civ.App., 49 S.W.2d 943; Joy v. Fakes Furniture Co., Tex.Civ. App., 286 S.W. 611.

These conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.