**George ANDERSON et al., Appellants,**

**v.**

**M. L. SHELLHAMMER, Appellee.**

**No. 16495.**

United States Court of Appeals
Fifth Circuit.

Aug. 27, 1957.

Jesse J. Lee, Houston, Tex., Cleve Bachman, Beaumont, Tex., Williams, Lee & Kennerly, Houston, Tex., Orgain, Bell, & Tucker, Beaumont, Tex., for appellants.

N. W. Collier, Beaumont, Tex., Brown, Beard & Collier, Beaumont, Tex., for appellee.

Before RIVES and CAMERON, Circuit Judges, and BENJAMIN C. DAWKINS, Sr., District Judge.

CAMERON, Circuit Judge.

The narrow point upon which this decision will turn is the validity of a tax sale of twenty acres of Texas land. The trial court sitting without jury held the sale to be valid, and we agree. The sale was made in a suit filed in a Texas District Court by an Independent School District May 9, 1940, seeking to recover delinquent taxes due it and for foreclosure of its tax lien upon said land. Final judgment was entered in the suit April 11, 1942, and appellee Shellhammer bought at a tax sale based upon that judgment.

Appellants brought this action as the sole heirs at law of C. A. M. Anderson who died November 1, 1919,[1] alleging in their complaint that the proceedings in the Texas State Court resulting in the tax deed to appellee were faulty in many particulars. By stipulation, however, all of these claims were eliminated except the contention that the proceedings *subsequent to the judgment* were void as to appellants because the order of sale, the notice of sale, the Sheriff's return and the Sheriff's deed mentioned only C. A. M. Anderson as the owner of the property.

The court below, in a well considered opinion, found from the stipulations and the meager oral proof that the tax foreclosure suit had named as defendants C. A. M. Anderson, *the unknown heirs and legal representatives of C. A. M. Anderson,* and all persons including corporations, joint stock associations and partnerships, owning or claiming an interest in the property involved and all of the unknown owners of said property and premises and the legal representatives of such unknown owners. It also found that the defendants so sued were properly cited by publication, and that all proceedings were had therein to support a valid judgment.[2]

The court further found that all subsequent documents in the statutory scheme covering tax foreclosures, including the deed to appellee, described the property as belonging to C. A. M. Ander-

1. Charles T. Wangensteen was joined as plaintiff as the holder of a mineral interest under the other plaintiffs, and is an appellant. His claim is based entirely upon that of appellants Anderson and he will not be dealt with separately in this opinion.

2. The judgment introduced in evidence contained in part the following: "On the 11th day of April, 1942 at a regular term of this court, came on to be heard the above entitled and numbered cause, and thereupon came plaintiff * * * and C. A. M. Anderson, the unknown heirs and legal representatives of C. A. M. Anderson, * * * and all of the unknown owners of said property and the legal representatives of such unknown owners, having been duly cited by publication * * * and H. C. Happ have been previously appointed by the court to represent said parties so cited by publication, appeared and announced ready for trial, * * * and a jury having been waived, all matters in controversy as well of fact as of law were submitted to the court, and the court after hear-

ing the pleadings, the evidence and argument is of the opinion that the plaintiff is entitled to judgment for the taxes sued for * * * And also appearing to the court that both plaintiff * * * have valid subsisting constitution and statutory liens against said property and improvements thereon for said amount * * *."

Thereupon the judgment, having described the lands and recited the amount of the judgment, contained this order: "It is further ordered, adjudged and decreed by the court that said constitutional and statutory lien be, and the same is hereby foreclosed, as a first and superior lien on the above described property, and that the same be sold as under execution to satisfy this judgment * * *. It is further ordered that the order of sale herein decreed to be issued shall be the force and effect of a writ of possession as to the parties to this suit or anyone claiming under the defendant by any writ acquired pending this suit, to place the purchaser thereof in possession * * *."

son without mentioning his heirs or legal representatives. It further found that appellee Shellhammer went into possession of the land under the Sheriff's deed October 2, 1942, and continued in exclusive possession thereof until the filing of the suit and that such possession was adverse and hostile save for the two-year redemption period beginning with the delivery of the deed.

Upon these findings, it was adjudged that, under the Texas case of Ball v. Carroll, 1906, 42 Tex.Civ.App. 323, 92 S.W. 1023 (writ of error refused), the foreclosure proceeding vested good title in Shellhammer because appellants, the heirs at law of C. A. M. Anderson, were made parties to the suit, were properly sued and brought in by legal service of process, and were bound by the judgment entered against them therein even though the order of sale, return of sale and Sheriff's deed failed to mention them as owners of the property or parties to the foreclosure proceeding.

We think this ruling was correct, and agree that all of appellants' contentions are disposed of by Ball v. Carroll, whose facts were almost identical with those before us.[3]

Appellants think that we should not follow Ball v. Carroll because, according to their ideas, the language quoted from it is dictum and we should "feel the Supreme Court of that State would rearch a contrary result." We do not consider Ball as suffering from the infirmities appellants would attribute to it. It has been cited as authority by the Texas Courts of Appeal in Sellers v. Simpson, 1909, 53 Tex.Civ.App. 205, 115 S.W. 888, 889; Sanchez v. Hillyer-Deutsch-Jarratt Co., 1930, 27 S.W.2d 634, 635; State Mortgage Corp. v. Magee, 1930, 27 S.W. 2d 864, 866; and Copeland v. Stanolind Oil & Gas Co., 1955, 279 S.W.2d 893, 901; and its holdings have not been questioned. Nor do we find any decisions of the Texas Supreme Court foreshadowing a contrary holding.[4]

3. This quotation from that case demonstrates its applicability and conclusiveness:

"The proceeding in a tax suit brought under the delinquent tax act is one in rem, and the object and purpose of the act is to enable the state to condemn, seize, and sell all lands upon which taxes are due and unpaid. All parties owning or claiming any interest in the property are required to be made parties to the suit and to be served with citation, and when this has been done a judgment establishing and foreclosing the state's lien upon the property is conclusive against all persons who are parties to the suit and have been served with citation, whether they are named in the judgment or not. This judgment recites that the taxes sued for were due by the Zacharies and their heirs, and renders judgment against them therefor. Of course, no judgment could have been properly rendered against the Zacharies, the evidence showing that they were dead at the time the suit was instituted; * * * The foreclosure is in general terms, and there is nothing to indicate that only the title and interest of the Zacharies and their heirs was intended to be foreclosed. As before stated, we think this judgment foreclosed the tax lien against all of the parties to the suit, and the defend-

ants who claim under said judgment are claiming under the unknown owners, as well as under the unknown heirs of the Zacharies. The claim under such unknown owners is not affected by the fact that the deed from the sheriff only purports to convey the interest of the Zacharies and their unknown heirs." (Citing several Texas cases.) 92 S.W. at page 1026.

4. Appellants' chief reliance is upon the case of Capps v. Leachman, 1897, 90 Tex. 499, 39 S.W. 917, wherein was involved an action on a money judgment and the writ of execution failed to name the defendant-in-judgment whose property was to be sold by the sheriff in satisfaction of the judgment. The situation there was quite different from that here where the suit was essentially in rem, the property was described, the appellants were made defendants and were cited to appear and the judgment was against them. The execution before us was issued pursuant to that judgment and identified itself as part of the proceedings in that case, described the property, and the only irregularity ascribed to it was that it failed to recite that the property was that of the appellants. No case has been cited tending to hold that such an irregularity in a proceeding vitiates the effectiveness of the tax-foreclosure pro-

■■ In our opinion, therefore, the court below was correct in holding that the appellants were bound by the judgment in the tax suit and that the Sheriff's deed to appellee conveyed good title to him.[5]

It appearing, therefore, that the judgment of the court below denying appellants any recovery and quieting the title and possession of appellee to the lands in question was correct, said judgment is

Affirmed.

ceedings and of the tax deed issued in pursuance of them. See generally as explaining the effect of Capps v. Leachman, the case of Wilson v. Beck, Tex. Civ.App.1926, 286 S.W. 315, 320, writ refused.

5. It is equally plain that appellants are barred by the three year statute of limitations contained in Art. 5507, Vernon's Ann.Civil Statutes of Texas Annotated: "Suits to recover real estate, as against a person in peaceable and adverse possession thereof under title or color of title, shall be instituted within three years next after the cause of action accrued, and not afterward * *." It was stipulated that appellee had been in peaceable adverse possession of the land many years in excess of three. Appellants' argument that the Sheriff's tax deed did not constitute color of title is, in our opinion, entirely without merit.