## CORINNE MILL CANAL AND STOCK COMPANY *v.* JOHNSON.

### ERROR TO THE SUPREME COURT OF THE TERRITORY OF UTAH.

No. 216. Argued January 31, 1895. — Decided March 4, 1895.

In an action to recover possession of land in Utah the plaintiff set up that it was part of a grant to a railroad company under which. he claimed. In the statute making the grant there were exceptions and reservations. The plaintiff failed to show that the tract he claimed was not within them. The trial court ruled that he had failed to show title, and its ruling was upheld by the Supreme Court of the Territory. *Held,* that this was not error.

THIS was an action brought by. the plaintiff in error, plaintiff below, in the District Court of the First Judicial District of Utah to recover possession of certain real estate. A trial before the court and a jury resulted in a verdict and judgment for. defendant, which judgment was on appeal affirmed by the Supreme Court of the Territory. 7 Utah, 327.

The contention of plaintiff was that the lands were within the grant made by the acts of Congress of July 1, 1862, (12 Stat. 489,) and July 2, 1864, (13 Stat. 356,) to aid in the construction of a railroad from the Missouri River to the Pacific Ocean, and that by virtue of the admitted completion of the road the title to them had passed to the Central Pacific Railroad Company, under whom it claimed. The statement on motion for a new trial and appeal, signed by the trial judge, which is substantially the equivalent of a bill of exceptions, does not contain any patent from the government for the lands, nor does it purport to contain all the testimony offered on the trial. The trial court in its instructions to the jury expressed the opinion that the plaintiff had failed to prove any title, but, while expressing such opinion, submitted to them the question of the statute of limitations. The views of the Supreme Court of the Territory are summed up in these two paragraphs: ·

"In this case no evidence having been offered that the railroad ever obtained a patent for the lands in dispute, nor that it filed its map showing its line as definitely located within the time provided by the law, nor any proof as to the time when said railroad was completed, nor that the lands were not within any of the exceptions or reservations provided in the statute, we think plaintiff failed to show its title, and that there was no error in the instruction given by the court to the jury.

"The trial court submitted to the jury the issue of the statute of limitations raised in defendant's answer, and this is assigned as error, upon the ground that there was no evidence tending to support this issue. We have examined the evidence contained in the record, and while it does not purport to contain all the evidence in the case, yet from the evidence set out in the printed transcript we think no error was committed in this respect, and the judgment of the District Court is affirmed."

*Mr. J. M. Wilson* for plaintiff in error. *Mr. C. W. Bennett* and *Mr. John A. Marshall* filed a brief for same.

*Mr. O. B. Hallam* for defendant in error.

Mr. Justice Brewer, after stating the case, delivered the opinion of the court.

The grant to the railroad company was not of all the odd-numbered sections within twenty miles of its line of definite location, but of those sections subject to certain exceptions. Proof that the road had been located and completed and that the tracts claimed were odd-numbered sections within the twenty-mile limit, was not sufficient to establish title in the company. The evidence must go further, and the burden was on the plaintiff to show that they were not of the lands excepted. *Maxwell Land Grant Co.* v. *Dawson*, 151 U. S. 586.

Now the defect in this record which is fatal to the case of the plaintiff in error is that nowhere is it shown that all the testimony received on the trial is preserved. Under such circumstances we are not at liberty to assume that there was in evidence a patent, or other instrument of itself working a transfer of the legal title from the government to the railroad company, or evidence of any character removing all doubt as to the matter of exceptions, nor, on the other hand, that there was not testimony which conclusively established the existence of some one or more of those exceptions.

Take for illustration the question whether these were mineral lands. The grant in terms excepted such lands from its operation. There was no evidence of any adjudication by the Land Department, either through the issue of a patent or otherwise, that they were non-mineral lands. *Barden* v. *Northern Pacific Railroad*, 154 U. S. 288. While there was on the part of the plaintiff some testimony of a general character tending to show that the lands were grazing lands, and that no mineral had ever been discovered in them, yet for aught that appears, there may have been overwhelming evidence that mines had in fact been opened and worked in them, or that there had been an express adjudication by the Land Department that they were mineral lands and excepted from the grant. And so of other exceptions.

The presumptions are all in favor of the rulings of the trial court. And before it can be adjudged that it erred in instructing that the plaintiff had failed in its proof of title, the record must affirmatively show that the title was in fact proved, and that, as we have seen, includes proof that the lands were not within the exceptions named in the statute.

The Supreme Court of the Territory, whose judgment we are reviewing, did not err in refusing upon such a record to disturb the decision of the trial court that the plaintiff had not established its title to the land. The judgment is, therefore,

*Affirmed.*