Joe GILBREATH, Appellant,

v.

Willie YARBROUGH, Appellee.

No. 579.

Court of Civil Appeals of Texas, Tyler.

Oct. 7, 1971.

Rehearing Denied Oct. 28, 1971.

Kenneth R. King, Tyler, for appellant.

Charles H. Clark, Tyler, for appellee.

MOORE, Justice.

This is an action in trespass to try title to a 3¾ acre tract of land in the C. Wells survey in Smith County. Appellant, Joe Gilbreath, owner of record title to the 3¾ acre tract, brought suit for title and possession against appellee, Willie Yarbrough, who owned a 1½ acre tract which adjoined the tract in controversy on the north and east sides thereof. Yarbrough answered the suit with a plea of not guilty and pleaded the ten-year statute of limitations (Article 5510, Vernon's Ann.Texas Civil Statutes) as a bar to the action. During the course of the trial, Yarbrough disclaimed as to all of the 3¾ acre tract except a certain portion of the 3¾ acre tract lying adjacent to his 1½ acre tract.

Trial was to a jury and the court submitted an issue upon the ten-year statute of limitations which was answered favorably to appellee, Yarbrough. Prior to judgment the appellant moved for judgment non obstante veredicto on the ground that there was no evidence to support the jury's finding. The motion was overruled, and the trial court entered judgment in favor of appellee awarding him title to all of the 3¾ acre tract except that portion disclaimed by him. Appellant duly perfected this appeal.

Appellant brings forward six points of error attacking the action of the trial court in overruling his motion for judgment non obstante verdicto. In substance he urges that (1) there are no pleadings or proof describing the portion of the 3¾ acre tract claimed by appellee and (2) there is no proof showing that appellee held adverse possession for a period of ten continuous

years, cultivating using or enjoying the same under a claim of right.

The following plat which is patterned upon appellant's Exhibit No. 9 illustrates, in a general way, the matter in issue. The shaded section represents the portion of the 3¾ acre tract claimed by appellant, hereinafter referred to as the "land in dispute."

[A4470]

**Figure 1**

Appellee, Yarbrough, testified that he acquired title to his 1½ acre tract in February, 1945, and at that time the land was covered with weeds, bushes and trees. He testified he cleared the land, and in so doing cleared all of the land shown as the shaded area on the foregoing exhibit. In December, 1945, he conveyed the 1½ acre

tract to his mother, Julie Wright. In 1946 he built a house on the 1½ acre tract and his mother moved into the house and lived there until her death in 1964. He testified that although he lived in Amarillo from 1945 to 1951, he came back frequently and assisted his mother in building the house and taking care of the property. In 1951 he left Amarillo and moved his family into the house with his mother where he has resided ever since. He testified that at about the time the house was constructed, an out-house was erected on the land in dispute and a chicken house was erected thereon in 1954. A garage was constructed thereon in 1956. Also a butane tank had been maintained on the land in dispute for several years. He testified that since 1945 he and his mother had continuously kept all of the disputed land cleared, plowing the same each year and using it as a garden, growing peas, sweet potatoes and other vegetables thereon; that the use and cultivation was co-extensive with the 1954 fence line on the west; the Weaver fence line on the south; and the Hence Carpenter property line on the East. Upon the death of his mother in 1966, the property passed by inheritance to appellee and his two sisters.

With respect to the 3¾ acre tract, the record reveals that in March, 1945, approximately one month after appellee acquired title to the 1½ acre tract, S. A. Jones, appellee's father-in-law, acquired title to the 3¾ acre tract. No improvements were ever erected on this tract. Appellant, Gilbreath, testified that he leased the 3¾ acre tract from S. A. Jones for a pasture in 1948 and built a fence along the line A–B as shown on the foregoing exhibit. According to Yarbrough the fence was constructed in 1954 and at that time all of the disputed land had been cleared and was being used by him and his mother. While Gilbreath disputed this testimony, he admitted that he knew at the time he built the fence that the chicken house and out-house were situated on the land in dispute.

In 1968, after the death of S. A. Jones, appellant commenced negotiating with the Jones heirs for the purchase of the 3¾ acre tract. Prior to purchasing the land he prepared an instrument for appellee's signature stating that appellee would agree to a survey of the land and that a fence could be erected along the property line. At the request of appellant, the Jones heirs prevailed upon appellee to sign the instrument. Yarbrough admitted that he signed the instrument. The jury, however, refused to find that the instrument constituted a representation that he would not claim the land and the issue was abandoned. According to Yarbrough, he told appellant prior to the time he purchased the 3¾ acre tract that he was claiming all land east of the fence constructed by appellant.

In response to Special Issue No. 5, the jury found "that the Defendant (Yarbrough) and those under whom Defendant claims had peaceable and adverse possession * * * of the land in controversy, cultivating, using and enjoying same for a period of ten continuous years or more prior to February 5, 1970."

The two controlling issues raised on this appeal are whether appellee properly pleaded and proved the location on the ground of the land in controversy and whether appellee proved the elements of adverse possession. By refusing appellant's motion for judgment notwithstanding the verdict, the trial court apparently concluded that the proof was sufficient. We affirm.

In determining whether the refusal of a motion for judgment non obstante veredicto constitutes error, we are required to consider only the evidence favorable to the verdict and disregard all evidence to the contrary. Shelton v. Ector, 364 S.W.2d 425 (Tex.Civ.App., Dallas, 1963, n.w.h.).

█ With respect to the issue of adverse possession, appellant urges that there is no evidence showing that either he, or his predecessor in title, had notice that appel-

lee and those under whom he claims were asserting an adverse or hostile claim. As we view the evidence, the contention is without merit. While there is nothing in the record indicating that appellee or his mother ever verbally notified appellant or his predecessors in title that they intended to assert title to the land in dispute, we believe the evidence sufficient to raise the issue of constructive notice of their adverse claim.

In Black v. Terry County, 183 S.W.2d 685 (Tex.Civ.App., Amarillo, 1944), it is said:

"* * * Possession of land usually carries with it the presumption of claim of title, and such possession accompanied by the exercise of such rights as pertain to it is deemed sufficient evidence of an adverse claim. * * * The prescriptive or limitation period matures by virtue of the possession of the premises and its appropriation to uses to which it is placed by the possessor which are open, hostile, and adverse to the rights of the record owner. (Citing cases)."

■ As we view the record, there is ample evidence showing that the possession of appellee and those under whom he claimed was so open, notorious and unequivocal that it would be calculated to put a person of ordinary care and prudence on notice that appellee and those under whom he claimed were asserting title to all of the land lying east of the 1954 fence line. Orsborn v. Deep Rock Oil Corp., 153 Tex. 281, 267 S.W.2d 781; Chittim v. Auld, 219 S.W.2d 702 (Tex.Civ.App., San Antonio, 1949, err. ref., n.r.e.); Wells v. Harper, 394 S.W.2d 540 (Tex.Civ.App., Texarkana, 1965, n.w.h.). After carefully reviewing the entire record in a light favorable to appellee, we are of the opinion that there is evidence of probative force showing that the appellee and those under whom he claims, cultivated, used and enjoyed the land under a claim of right for a period of more than ten continuous years prior to February 5, 1970, so as to satisfy all of the requirements of Article 5510, supra.

Appellant urges, however, that the judgment must nevertheless be reversed because there are no pleadings or proof establishing the description of that part of the 3¾ acre tract claimed by the appellee. We are not in accord with this proposition.

■ In an action of trespass to try title, the test of the sufficiency of the description is whether the judgment so identifies the land that an officer charged with the duty of executing a writ of possession can go on the ground and with the assistance of a competent surveyor locate the lines. Southern Pine Lumber Co. v. Whiteman, 163 S.W.2d 212 (Tex.Civ.App., Texarkana, 1942, err. ref., w.o.m.); 56 Tex.Jur.2d 286–287, sec. 136, Trespass to Try Title.

■ Appellant's petition in trespass to try title contained a complete metes and bounds description of the 3¾ acre tract. While appellee did not describe any specific portion of the 3¾ acre tract which he claimed by limitations, he, in effect, adopted appellant's description by asserting limitation title to the entire 3¾ acre tract. In making his disclaimer, appellee made it clear that he was claiming only the land described in appellant's petition lying east of the 1954 fence line and was claiming along the same lines set forth by appellant on Exhibit No. 9. Upon the trial appellant testified that Exhibit No. 9 correctly described the 3¾ acre tract. He further testified that he had assisted the surveyor in surveying the 3¾ acre tract and that stakes had been set at each of the corners of the tract which could be identified on the ground. Appellant's petition, as well as Exhibit No. 9, contains a metes and bounds description of all land lying east of the fence line. The 1954 fence line has existed for many years, and there is no dispute about its location. An officer with the aid of a surveyor could, we think, locate the land in dispute.

In describing the land in dispute, the judgment follows the same metes and bounds description contained in appellant's pleadings and appellant's Exhibit No. 9, except for the fact that the judgment is drawn in such a manner that it includes appellee's 1½ acre tract. The appellee's 1½ acre tract was not described in any of the pleadings and therefore the court had no jurisdiction to enter a judgment embracing the 1½ acre tract owned by appellee. Holasek v. Janek, 244 S.W. 285 (Tex.Civ.App., Dallas, 1922). Under these circumstances it becomes our duty to determine whether the judgment may be reformed so as to prevent a reversal. Rule 434, Texas Rules of Civil Procedure.

The record, with reference to the description of the disputed land, appears to have been fully developed and all facts necessary to the determination of the rights of the parties are before us. It therefore follows that since the pleading, evidence and finding of the jury are such as to enable the appellate court to ascertain the correct judgment, the court has the duty to enter the judgment that should have been rendered below. See Rule 434, Texas Rules of Civil Procedure; McKenzie v. Carte, 385 S.W.2d 520 (Tex. Civ.App., Corpus Christi, 1964). Accordingly, the description of the land in the take-nothing judgment against appellant will be reformed so as to embrace only the land in controversy described as follows:

BEGINNING at the Southwest corner of a certain 3 acre tract of land described in a warranty deed from Lois Miller and husband, L. B. Miller, to Hence Carpenter and wife, Eliza Carpenter, dated August 26, 1944, recorded in Vol. 498, page 37, Deed Records, Smith County, Texas, at a stake for corner, same being the southeast corner of a certain 3¾ acre tract of land described in a warranty deed from Lois Miller and husband, L. B. Miller to S. A. Jones and wife, Ora Jones, dated March 13, 1945, and recorded in Vol. 522, page 408, Deed Records, Smith County, Texas;

THENCE North with the west line of said Hence Carpenter 3 acre tract, a distance of 210 ft. to a stake for a corner, being the Southeast corner of a certain 1½ acre tract described in a deed from Lois Miller and husband, L. B. Miller to Willie Yarbrough, dated February 20, 1945, recorded in volume 518, page 391, Deed Records of Smith County, Texas;

THENCE North 59 deg. 43 min. west, a distance of 157½ ft. to a stake for a corner;

THENCE North a distance of 210 ft. to a point intersecting the South right-of-way line of a road described in a deed from L. B. Miller and wife, Lois Miller to Smith County, dated September 11, 1940, recorded in Vol. 413, page 511, Deed Records, Smith County, Texas, at a point where a barbed wire fence running in a southerly direction intersects the said right-of-way line;

THENCE in a Southerly direction along said fence line to the South boundary line of the said 3¾ acre tract of land described in above mentioned warranty deed from Lois Miller and husband, L. B. Miller to S. A. Jones and wife, Ora Jones, dated March 13, 1945;

THENCE S. 59 deg. 43 min. East along the south boundary line of said 3¾ acre tract, to the place of beginning.

Affirmed.