**Oval Dee WEBB, Appellant,**

**v.**

**LIBERTY MUTUAL INSURANCE COMPANY, Appellee.**

**No. 4650.**

Court of Civil Appeals of Texas, Eastland.

Oct. 12, 1973.

Rehearing Denied Nov. 9, 1973.

Philip R. Lane, Marschall, Hall & McLaughlin, San Angelo, for appellant.

John E. Gunter, Rassman, Gunter & Bolrick, Midland, for appellee.

McCLOUD, Chief Justice.

Appealed from the 32nd Judicial District Court of Mitchell County.

Plaintiff, Oval Dee Webb, suffered a heart attack while delivering bundles of newspapers for his employer, San Angelo

Standard, Inc. Plaintiff sued Liberty Mutual Insurance Company, his employer's compensation carrier, for total and permanent disability benefits. The jury found in answer to Special Issue No. 1 that plaintiff did not have a heart attack in the course of his employment. The trial court instructed the jury that a heart attack was in the course of employment if produced or precipitated by the employee's work or the conditions of employment. The remaining special issues were conditionally submitted on an affirmative answer to the first issue and, therefore, were not answered. A take nothing judgment was entered. Plaintiff has appealed. We affirm.

Plaintiff contends the evidence conclusively established that the heart attack was in the course of employment. He further argues the jury finding that he did not have a heart attack in the course of employment was so contrary to the great weight and preponderance of the evidence as to be clearly wrong.

The thrust of plaintiff's argument is that since each medical witness testified that in his opinion, based upon reasonable medical certainty, plaintiff's heart attack was causally connected to his work, the issue was conclusively established.

Plaintiff acknowledges the general rule that a jury is not bound by opinion testimony and such testimony does not establish material facts as a matter of law. Hood v. Texas Indemnity Inc., Co., 146 Tex. 522, 209 S.W.2d 345 (1948). He argues, however, the general rule is not applicable. The exception, urged by plaintiff, to the general rule was recognized by the Supreme Court in Coxson v. Atlanta Life Ins. Co., 142 Tex. 544, 179 S.W.2d 943 (1944) where the Court said:

"The opinion testimony of experts, although persuasive, under most circumstances is not conclusive. It is peculiarly within the province of the jury to weigh opinion evidence, taking into consideration the intelligence, learning, and experience of the witness and the degree of attention which he gave the matter. The judgments and inferences of experts or skilled witnesses, even when uncontroverted, are not necessarily conclusive on the jury or the trier of facts, unless the subject is one for experts or skilled witnesses alone where the jury or the court cannot properly be assumed to have, or be able to form correct opinions of their own based upon the evidence as a whole and aided by their own experience and knowledge of the subject of inquiry." See also Broussard v. Moon, 431 S.W.2d 534 (Tex.Sup.1968).

It has been said that the cause, diagnosis and treatment of diseases usually come within the exception. Scott v. Liberty Mut. Ins. Co., 204 S.W.2d 16 (Tex.Civ. App.—Austin 1947, writ ref. n. r. e.); Reliable Life Insurance Co. v. Steptoe, 471 S.W.2d 430 (Tex.Civ.App.—Tyler 1971, no writ); Standard Life and Accident Ins. Co. v. Roberts, 318 S.W.2d 757 (Tex.Civ. App.—Amarillo 1958, writ dism.). We think, however, the case under consideration is distinguishable. Here it is highly controverted as to whether plaintiff encountered stress or exertion in connection with his work.

The record reflects that both Dr. Read and Dr. Chinn were of the opinion that plaintiff's heart attack was causally connected or related to his work activities. There is, however, also evidence from which a jury might conclude that plaintiff did not encounter any particular exertion or stress prior to the attack.

The testimony shows that plaintiff was on his second delivery route for the day. This "doubling-up" required more work and longer hours. He loaded his truck in San Angelo with 24 or 25 bundles of papers weighing approximately 33 to 40 pounds each. Plaintiff unloaded a few bundles at different towns along the route. After unloading about 12 bundles at Big Spring, he started feeling "exceptionally

tired". He drove 8 or 9 miles to Coahoma where he put off one bundle and one roll. At this point he felt exhausted but had no pain. Plaintiff testified he drove on to Westbrook where he had the attack. Plaintiff continued on to Colorado City where he was placed in the hospital.

The record reveals that plaintiff had a long history of coronary disease. On cross-examination Dr. Read acknowledged that if the attack occurred while plaintiff was performing a routine job requiring very little physical effort, and if he were under no emotional stress, then the attack was just something that happened in the natural course of coronary disease. The work performed by plaintiff was described in detail. At one point plaintiff testified that except for the "doubling-up", he encountered no particular or unusual stress, physical or emotional, in connection with his work. We think a jury could reasonably conclude from the evidence that the work being performed by plaintiff was exerting and stressful. We think, however, a jury might also reasonably conclude otherwise.

We do not believe, under the facts in this case, the opinions of the two medical experts were conclusive. A controverted issue existed as to whether the work being done by plaintiff produced or precipitated the heart attack, and the jury decided the issue in favor of defendant.

We hold the evidence did not conclusively establish that plaintiff had the heart attack in the course of his employment. Also, we have examined the entire record and hold that the answer by the jury was not so contrary to the great weight and preponderance of the evidence as to be clearly wrong. In Re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951).

We have considered all points of error and all are overruled. The judgment of the trial court is affirmed.