EMPLOYERS COMMERCIAL UNION IN-
SURANCE COMPANY, Petitioner,

v.

Mary Ellen SCHMIDT, Respondent.

No. B–4739.

Supreme Court of Texas.

Nov. 13, 1974.

Rehearing Denied Dec. 30, 1974.

Pope, Dickenson, Batjer, Glandon & Baker, Robert D. Batjer, Jr., Abilene, for petitioner.

Robinson, Hanna & Burke, Sam L. Moore, Abilene, for respondent.

## ON APPLICATION FOR WRIT OF ERROR

### PER CURIAM.

This is a workmen's compensation case, involving the following provisions of Art. 8306, Sec. 20, Vernon's Ann.Civ.Stat., as amended in 1971:

. . . An "Occupational Disease" shall also include damage or harm to the physical structure of the body occurring as the result of repetitious physical traumatic activities extending over a period of time and arising in the course of employment; provided, that the date of the cumulative injury shall be the date disability was caused thereby. . . .

The claimant, Mary Ellen Schmidt, developed a chronic myositis or trapezius syndrome as a result of the position in which she worked. She experienced pain in May, 1971. Her condition worsened to the point that she took a 30-day sick leave in September, 1971. During that period she was hospitalized for two days. Following the sick leave, she returned to her job and worked until February 20, 1972, when she was again hospitalized. She has never returned to work. Her claim for compensation was filed on June 27, 1972.

In response to the special issues submitted, the jury: (1) found that plaintiff incurred in the course of her employment an occupational disease that is the producing cause of total incapacity, which began on February 20, 1972, and is permanent, and that such occupational disease was also the producing cause of partial incapacity; (2) did not answer the issue inquiring the beginning date of such partial incapacity; and (3) refused to find in the claimant's favor on the good cause issue that was submitted. The trial court rendered judgment in the claimant's favor for total and permanent disability, and the Court of Civil Appeals affirmed. 509 S.W.2d 398.

The insurance carrier had only one point of error in the Court of Civil Appeals. It asserted there that the pleadings and evidence establish as a matter of law that the date of the "cumulative injury" was more than six months prior to the filing of the claim. This is a close question under the evidence, but we have concluded that the point was properly overruled by the Court of Civil Appeals. We cannot reach the contention, now urged in this Court for the first time, that under the evidence there is an issue of fact, unresolved by the jury, as to the date of the "cumulative injury," that this date may have been more than six months prior to filing the claim for compensation, that the jury has refused to find good cause for any delay beyond the basic period of six months allowed by statute for filing the claim, and that in these circumstances the trial court erred in rendering judgment in the claimant's favor on the incomplete jury verdict.

The application for writ of error is Refused, No Reversible Error.