**Jose SLIM, Trustee, et al., Appellants,**

v.

**Lorna E. ZOBEL et al., Appellees.**

**No. 5015.**

Court of Civil Appeals of Texas, Eastland.

June 2, 1977.

Rehearing Denied June 30, 1977.

K. Gregory Erwin, Dow, Cogburn & Friedman, Woodrow A. Holland, Wheat, Thornton & Wheat, Houston, for appellants.

John C. Werner, Werner & Rusk, Houston, for appellees.

WALTER, Justice.

Lorna E. Zobel, Fred J. Zobel and Helene M. Decker filed suit against Jose Slim, Trustee, and Erwin F. Hill, Jr., Trustee, in trespass to try title on five acres of land in Harris County.

Zobel's motion for an instructed verdict was granted and Slim's and Hill's motions for an instructed verdict were overruled. Slim and Hill have appealed.

Reno G. Hartfield testified on direct examination substantially as follows:

I am an attorney for Statewide Title Company. At the request of Mr. Werner, attorney for the plaintiffs, I examined title to the property which is involved in this lawsuit. Plaintiffs' Exhibit 1 is a certified copy of the patent from the State to the heirs of George W. Childress covering 1920 acres of land in Harris County. The five acres involved in this lawsuit are located within the description.

Plaintiffs introduced 45 exhibits. The defendants objected to each exhibit and Hartfield's opinions and conclusions regarding each of the exhibits.

On cross-examination, Hartfield testified substantially as follows:

I don't know where the boundary lines are on the ground to the 1920 acre tract covered by the patent. I have not located the boundaries on the ground. The reason I can testify the five acres is within the 1920 acres is based on 14 years of experience in examining titles. That is 14 years examining documents and not 14 years examining land on the ground.

The judgment which is a part of Plaintiffs' Exhibit 8 purports to award the title to the plaintiffs in the lawsuit. Based on what I have testified to today I could not say whether there are any other Childress heirs than the ones named in the lawsuit.

Plaintiffs' Exhibits 10 through 21 are deeds by some of the plaintiffs in the 1894 lawsuit to one or the other Mastersons. I count 28 plaintiffs in the lawsuit. The way I account for the other 16 heirs or plaintiffs is some of those deeds are executed by more than one party. Not all the 28 parties executed a deed.

Plaintiffs' Exhibit 24 is a deed from the Davises to F. P. Works and J. H. Stanberry and is one of the documents in the chain of title. The deed describes the land as being in Harris County and being the G. W. Childress Survey of 1920 acres patented to the heirs of G. W. Childress May 20, 1846, Patent Number 47, Vol. 111, Abstract Number 217, Old Number

176, save and except 145 acres heretofore sold to R. W. McCutchen and also 495 acres sold to John T. Clark—I have not been able to find the deed to Clark. The 145 acre tract to McCutchen is in the chain of title but in my opinion "the legal is bad." I have not seen the Clark deed so I cannot say if said five acre tract was included in it.

There are actually three chains of title in this record as reflected by Plaintiffs' Exhibits 1 through 45. All three of these chains of title end up in James R. Masterson or H. Masterson.

We have one chain of title that goes in through the lawsuit. We have the two ancillary chains of title that H. Masterson and James R. Masterson purchased and subsequently, those two chains ended up in H. Masterson and is the regular chain of title we are relying on.

We have had "this particular property" surveyed. The property in this suit is contained in Plaintiffs' Exhibits 1 through 45.

In *Hejl v. Wirth,* 161 Tex. 609, 343 S.W.2d 226 (1961), the court said:

"It has long been the rule in this State that in a trespass to try title suit, the plaintiff must recover upon the strength of his own title. *Kauffman v. Shellworth,* 64 Tex. 179; *Hovel v. Kaufman,* Tex.Com.App., 1926, 280 S.W. 185; *Davis v. Gale,* 1960, 160 Tex. 309, 330 S.W.2d 610. If the plaintiff under the circumstances fails to establish his title, the effect of a judgment of take nothing against him is to vest title in the defendant. The rule is a harsh one, but it also has been well established as a rule of land law in this State. *French v. Olive,* 1887, 67 Tex. 400, 3 S.W. 568; *Permian Oil Co. v. Smith,* 1934, 129 Tex. 413, 73 S.W.2d 490, 111 A.L.R. 1152."

■ Defendants contend the evidence failed to show as a matter of law the identity of the heirs of George W. Childress, the patentees of the original grant from the sovereign. Plaintiffs' Exhibit No. 1 is a certified copy of the patent from the State to "the heirs of George W. Childress, Dec."

One of the instruments in Plaintiffs' Exhibit 8 purports to be a judgment from the minutes of the District Court of Harris County. The judgment purports to award the plaintiffs in the lawsuit described in Exhibit 8 title to property described in the patent save and except 100 acres to Louis Knigge and 152 acres to Fritz Schroeder. We fail to find proof of heirship of George W. Childress in the record. Hartfield testified: there were 28 plaintiffs in the lawsuit; Plaintiffs' Exhibits 10 through 21 are deeds from some of the plaintiffs to J. R. Masterson or H. Masterson; not all the 28 plaintiffs executed deeds. He could not say whether there were any other Childress heirs that the ones named as plaintiffs.

Plaintiffs contend the uncontroverted evidence established the identity of the heirs of George W. Childress as shown in that part of their Exhibit 8 in an instrument entitled "Assignments of Error."

Said assignments of error relied on by plaintiffs are as follows:

"7th. The Court erred in not excluding the deposition of B. F. Childress in regard to the heirship of Plaintiffs and in regard to transactions with the deceased ancester of Defendant, because Defendants were not parties to the suit at the time the depositions were taken and because they were in regard to transaction with the deceased ancestor, the heirs being defendants herein, as shown by bill of exceptions No. 1."

"12th. The Court erred in his conclusion of fact No. 1, in concluding that George W. Childress was a citizen of the State of Tennessee at the time of his death because there is not a particle of evidence suggesting it, in fact the only evidence bearing on that point, which is the fact that he held a headright certificate, indicates that he was not a citizen of another state than Texas, as shown in conclusion of fact No. 4.

"13th. The Court erred in his second conclusion of fact, in that he concludes the Plaintiffs herein are the sole heirs of B. F. Childress, Mary Benton and Nancy Childress, while the testimony only stated that the Plaintiffs are the heirs of George W. Childress, Deceased, and not that they are the sole heirs of the others, and this testimony is to a conclusion of law, to heirship and not relationship, and is not sufficient to found the conclusion upon."

They also rely on the first paragraph of the judgment contained in Plaintiffs' Exhibit 8 which contains the following:

"Case now prosecuted by Order of Court in the names of the heirs at law of George W. Childress, Nancy Childress, B. F. Childress and Mary Benton vs. L. B. Harris, Jr., et al."

We conclude the plaintiffs failed to establish the identity of the heirs of George W. Childress as a matter of law.

■ Defendants contend the plaintiffs failed to discharge their burden of identifying the land they claimed by establishing its location with property actually on the ground and by failing to show the extent of their interest in the land claimed.

Plaintiffs claim under a deed from C. W. Hahl Company to Mrs. Bertha Zobel Sheeran which describes the property as "the South 5 acres out of Block # 2 out of the third Subdivision of the George W. Childress Survey as per plat of same recorded in Vol. 327, page 325 of the deed records of Harris County, Texas." In plaintiffs' second amended original petition, they described the property as follows:

"Being the Bertha Zobel Sheeran 5.00 acre tract of land out of Tract Two, Hahl's Suburban Farms, Third Subdivision, G. W. Childress Survey, Abstract 217, as recorded in Volume 327, Page 325, Deed Records of Harris County, Texas, said 5.00 acres being that same tract of land described in deed to said Bertha Zobel Sheeran dated October 4, 1921 and recorded in Volume 487, Page 564, Harris County Deed Records; said 5.00 acres being more particularly described as follows:
BEGINNING at an iron rod found marking the Southeast corner of said Tract Two and the Southwest corner of Tract One and being in the Northeast right of

way line of Grant Road; THENCE N 70° 10' 15" W 531.51 feet along said right of way line to iron rod found marking the Southwest corner of said Tract Two; THENCE North along the West line of said Tract Two and at 266.7 feet passing an iron rod and continuing on a total distance of 345.45 feet to iron rod set for corner; THENCE East 500 feet to iron rod set for corner in the East line of said Tract Two and the West line of said Tract One; THENCE South and at 78.75 feet passing an iron rod and continuing on a total distance of 525.75 feet to PLACE OF BEGINNING and containing 5.00 acres of land."

The judgment contains the same description of the property as set forth in plaintiffs' petition.

Hartfield testified substantially as follows:

I have the plat of Hahl Suburban Farms III Subdivision which purports to contain Lot Number 2. There are no calls on the plat. Calls in a survey mean two things. They can either be a direction off north south axis or it can be referring to distance. There are no calls or lot sizes on this plat, but by using the other plat we have in evidence, I can find this property. (Plaintiffs' Exhibits 44 and 45 are the other plats in evidence which are assessor's Block books for Harris County.)

I have not been on the ground to locate this plat. I have seen our Lot 2 and I have seen the survey the surveyor did. Based on this plat alone, I could not locate it on the ground. It would not surprise me to know there are 650 some-odd acres shown on the plat. I know we have a discrepancy as to the acreage in our particular lot.

The dedication plat of Hahl's Suburban Farms, Third Subdivision of the G. W. Childress Survey recites:

". . . Said Subdivision, of the Childress Survey, is that portion of the G. W. Childress Survey, situated in Harris County, Texas, which was conveyed to me by R. T. Adkins and W. A. Roberts, joined by their wives, by Deed dated June 24, 1910. Said deed is recorded in Volume # 250, page # 580 on the Deed Records of said County, to which deed referrence is hereby made for the full description."

This dedication was signed by C. W. Hahl. The deed referred to in the dedication plat describes by metes and bounds a 960 acre tract and then excepts from the 960 acres 5 tracts. After deducting the acreage contained in the five excepted tracts, the deed recites that 625$^{92}$/$_{100}$ acres are conveyed.

In *Jones v. Mid-State Homes, Inc.,* 163 Tex. 229, 356 S.W.2d 923 (1962), the court said:

"The burden was upon the plaintiff to identify the land which it claimed, to establish its location, and to show the extent of its interest in the land claimed . . ."

In *Johnson v. Johnson,* 275 S.W.2d 146 (Tex.Civ.App., Texarkana 1955, writ ref. n. r. e.), the court said:

"Plaintiffs pleaded a more accurate description of a tract of land, but they did not prove that the more accurately described tract was the same tract as described in Exhibit No. 1. They never did locate the land by extrinsic evidence, or otherwise. The issue of location being an issue of title in such cases, the burden was upon plaintiffs to locate the land upon the ground. See *Withers v. Republic National Bank of Dallas,* Tex.Civ.App., 248 S.W.2d 271, and the authorities therein cited. The second and tenth points are overruled."

In *Withers v. Republic Nat. Bank of Dallas,* 248 S.W.2d 271 (Tex.Civ.App., Beaumont 1951, writ ref. n. r. e.), the court said:

"This issue of location on the ground was an issue of title; the burden was on the plaintiff in No. 4348 to prove that her chain of title to the 1,400 acres covered the three tracts for which she sued, and until she made this proof or the fact to be proved was admitted, she did not prove title to the land for which she sued. *Freeman v. McAninch,* 87 Tex. 132, 27 S.W. 97; *Devine v. Keller,* 73 Tex. 364, 11 S.W. 379."

Hartfield's opinions and conclusions about the location of the land in dispute do not establish material facts as a matter of law.

In *Webb v. Liberty Mutual Insurance Company,* 501 S.W.2d 350 (Tex.Civ.App., Eastland 1973, writ ref. n. r. e.), the court said:

"Plaintiff acknowledges the general rule that a jury is not bound by opinion testimony and such testimony does not establish material facts as a matter of law. *Hood v. Texas Indemnity Inc., Co.,* 146 Tex. 522, 209 S.W.2d 345 (1948). He argues, however, the general rule is not applicable. The exception, urged by plaintiff, to the general rule was recognized by the Supreme Court in *Coxson v. Atlanta Life Ins. Co.,* 142 Tex. 544, 179 S.W.2d 943 (1944) where the Court said:

'The opinion testimony of experts, although persuasive, under most circumstances is not conclusive. It is peculiarly within the province of the jury to weigh opinion evidence, taking into consideration the intelligence, learning, and experience of the witness and the degree of attention which he gave the matter. The judgments and inferences of experts or skilled witnesses, even when uncontroverted, are not necessarily conclusive on the jury or the trier of facts, unless the subject is one for experts or skilled witnesses alone where the jury or the court cannot properly be assumed to have, or be able to form correct opinions of their own based upon the evidence as a whole and aided by their own experience and knowledge of the subject of inquiry.' See also *Broussard v. Moon,* 431 S.W.2d 534 (Tex.Sup.1968)."

Appellees say:

"The cases cited by Appellants are simply not in point. They, no doubt, state proper conclusions of law. However, whether or not the location test as set out in the foregoing authorities, *Gilbreath v. Yarbrough, supra,* [472 S.W.2d 185, Tex. Civ.App.] etc., was met is a fact question to be determined by the Court, *Walker v. Maynard,* 31 S.W.2d 168 (Tex.Civ.App.,

Austin, 1930, no writ hist.), and, here, the trial court properly found that the test was met and passed."

We agree the location of the disputed land on the ground was a fact question. This is an instructed verdict case and we hold it was not established as a matter of law.

We hold the court erred in granting plaintiffs' motion for an instructed verdict because the evidence failed to show as a matter of law the 5 acres in dispute can be located on the ground by the description set out in the pleadings and judgment.

■ Plaintiffs' chain of title contains deeds which recite certain tracts of land are excepted.

For example, Plaintiffs' Exhibit 24 is described by Hartfield as a deed from the Davises to F. P. Works and J. H. Stanberry conveying the G. W. Childress survey of 1920 acres, save and except 145 acres sold to McCutchen and 495 acres sold to John T. Clark. Hartfield testified he had been unable to locate the deed to Clark and that in his opinion, "the legal is bad" in the McCutchen deed. When he was asked, "Can you tell us that the subject property is not in those two conveyances, the McCutchen *onto* Clark?", counsel for plaintiffs made the following objection:

"MR. WERNER: Your Honor, if I may, the burden is on the Defendant. We bring instruments like this into the Court which purport to be the record title to the Plaintiff. It's for them—their burden to bring in instruments to disprove what we allege concerning that. So the burden is on them to bring in these two instruments that save and except the property from their conveyances. It's not purported to bring these two instruments in in that regard."

Another example is Plaintiffs' Exhibit 36 which is a deed from R. T. Atkins and W. A. Roberts to C. W. Hahl and Company conveying 960 acres out of the Childress survey save and except 5 tracts. After testifying about said Plaintiffs' Exhibit 36, Hartfield was asked:

"The instruments in evidence, can you tell me whether or not the subject property that we are litigating over is in the property conveyed or one or more of the five tracts that was not conveyed?"

Counsel for plaintiff made the following objection:

"MR. WERNER: As I have said before, if they can contend the property that is the subject of this suit is not a piece described in that instrument, the burden is on them to bring instruments in here to prove that fact."

In *Mills v. Pitts,* 121 Tex. 196, 48 S.W.2d 941 (1932), the court said:

"Since a plaintiff in trespass to try title must recover on the strength of his own title, he can never recover by merely showing a claim under deeds to those parcels of land which remain unsold by the grantors on particular dates without any proof whatever of the specific parcels of land which were unsold.

After reviewing a number of cases announcing this rule, the Supreme Court in an opinion by Mr. Justice Williams said: 'In these cases the deeds passed title only to land not previously conveyed, and hence the plaintiffs in order to show that the conveyances passed the lands sued for, were required to show that they had not been previously sold.' *Waggoner v. Dodson,* 96 Tex. [415] 421, 73 S.W. 517, 518.

The proposition which is decisive here was correctly applied by the Galveston Court of Civil Appeals in the case of *Ball v. Carroll,* 42 Tex.Civ.App. 323, 92 S.W. 1023, 1025. In the opinion of the court in that case, Mr. Justice Pleasants stated: 'The grantors in the deed to Stewart (who were the heirs of the Zacharies) only undertake to convey that portion of the Rionda grant which had not been previously conveyed by their ancestors, and in order for appellant to show title to the land in controversy under this deed he must show it was not included in the lands mentioned in the deed as having been previously disposed of by the Zacharies, and which by the express terms of the deed were not conveyed to Stewart. This proof was not made nor attempted to be made. *Maxwell Land-Grant Co. v. Dawson,* 151 U.S. [586] 604, 14 S.Ct. 458, 38 L.Ed. 279; *Corinne Co. v. Johnson,* 156 U.S. [574] 575, 15 S.Ct. 409, 39 L.Ed. 537; *Waggoner v. Dodson* (96 Tex. [415] 421), 73 S.W. [517] 518."

We hold the evidence failed to show as a matter of law the property awarded to plaintiffs was not included in any of the exceptions from the tracts described in the documents relied upon by them to prove their title.

We have concluded the court erred in granting plaintiffs' motion for an instructed verdict and in failing to grant defendants' motion for an instructed verdict.

The judgment is reversed and judgment is rendered that plaintiffs take nothing.

McCLOUD, C. J., not participating.